STATE of Missouri, Appellant,

v.

William Frank ADAMS, Respondent.

No. 37228.

Missouri Court of Appeals,
St. Louis District,
Division Four.

Jan. 25, 1977.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for appellant.

Brendan Ryan, Circuit Atty., Gary W. Brandt, Asst. Circuit Atty., Raymond Bruntrager, Sr., St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

The trial court dismissed an information purporting to charge William Frank Adams with operating an automobile without the consent of the owner in violation of § 560.-175(1) RSMo 1969. The State has appealed. We reverse and remand.

Respondent filed with its brief a motion to dismiss the appeal. He cites § 547.210 RSMo 1969 wherein it is provided that "When any * * * information is adjudged insufficient * * * if the prosecuting attorney prays an appeal to an appellate court, the court may, in its discretion, grant an appeal." He asserts that the circuit attorney made no application to the trial court to appeal, and for that reason this appeal should be dismissed.

■ The *procedure* for the State to appeal, as set forth in § 547.210 RSMo 1969, has been changed by Rule 28.04, and an application to the trial court to appeal is no longer required. As stated in Rule 36.01, the Rules adopted by the Supreme Court pursuant to Mo.Const. Art. V § 5, "govern the procedure in all criminal proceedings in all courts of the State of Missouri having jurisdiction of criminal proceedings." The motion to dismiss the appeal is overruled.

In its parts material to this appeal the information in lieu of indictment is as follows:

"That William Frank Adams in the City of St. Louis, State of Missouri, on the 24th day of October, 1974, did unlawfully, willfully and feloniously drive, use and operate a certain motor vehicle, to-wit: a 1973 Oldsmobile, without the permission of the owner; Patrolman Ronald Allen, from whom said automobile was stolen on or about April 16th, 1974, who had assigned his interest in said automobile to Liberty Mutual Insurance Company on or about May 10th, 1974; and that said William Frank Adams did not have the permission of said Liberty Mutual Insurance Company, to use, drive or operate said automobile; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

The trial court ruled that the language of the information (a) "appear[s] to charge more than one criminal offense in one count," and (b) it is "not sufficiently explicit to define a single cause of action."

■ It has long been the rule in this State that "the joinder of distinct felonies, other than those specifically authorized, does not result in the indictment or information being bad as a matter of law." *State v. Walker,* 484 S.W.2d 284 (Mo.1972); *State v. Gholson,* 292 S.W. 27 (Mo.1927); *State v. Terry,* 325 S.W.2d 1 (Mo.1959). When two or more felonies are improperly charged in the same indictment or information, the remedy is to require the State to elect on which charge it will go to the jury. *State v. Frankum,* 425 S.W.2d 183 (Mo. 1968); *State v. Phelps,* 478 S.W.2d 304 (Mo. 1972). Therefore, assuming that the information does charge two criminal offenses, that did not make it subject to dismissal.

■ Next, is the information insufficiently explicit to charge one criminal offense? Of course, if it charges two separate criminal offenses, as we assumed in the previous discussion, it charges at least one criminal offense. Also, where an information "charges one offense and defectively charges another, the latter charge may be rejected as surplusage." 41 Am.Jur.2d, Indictments and Informations, § 215.

The elements of an offense defined by § 560.175(1) are that the accused operated an automobile of another without permission of the owner thereof, and if in issue, that he did not do so in good faith in the honest belief that he had the permission of the owner. MAI–CR 7.80.

■ Certain rules have been set forth for testing the sufficiency of an information among which are: It must state the essential facts constituting the offense charged, *State v. Cunningham,* 380 S.W.2d 401 (Mo. 1964) and it must adequately notify a defendant of the charge against him and constitute a bar to further prosecution for the same offense, *State v. Tandy,* 401 S.W.2d 409 (Mo.1966). If the information does these things by following the language of the statute or using words of similar import, poor draftsmanship will not render it fatally defective. *Hodges v. State,* 462 S.W.2d 786 (Mo.1971).

■ By applying the above rules it is readily apparent that the information is not defective, although its poor draftsmanship is at least equally apparent. By eliminating some of the surplusage, the information alleges that William Frank Adams did "drive and use" the described automobile which had been stolen from Ronald Allen, the owner, but who had "assigned his interest in said automobile to Liberty Mutual Insurance Company," thereby making it the owner, and that the accused "did not have the permission" of said insurance company.

We are not at this stage concerned with the proof of the transfer of ownership by way of assignment or of the validity of the assignment, but the information was not subject to being dismissed.

The judgment is reversed and the cause remanded.

SMITH, P. J., and NORWIN D. HOUSER, Special Judge, concur.