**STATE of Missouri, Respondent,**

v.

**Jose A. MOLINETT, Appellant.**

**Jose A. MOLINETT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. WD 47085, WD 48218.**

Missouri Court of Appeals,
Western District.

May 24, 1994.

Matthew J. O'Connor, Office of the State Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before HANNA, P.J., and BRECKENRIDGE and ELLIS, JJ.

HANNA, Judge.

This case involves an issue of prosecutorial vindictiveness. We are concerned whether the defendant's due process rights were violated when the prosecutor, upon learning that the defendant withdrew his agreement to plead guilty, filed an amended information charging the defendant as a prior offender thereby enhancing the range of punishment.

The defendant, Jose Molinett, was convicted by the court of distribution of a controlled substance, § 195.211, RSMo Supp.1993. The trial court found that defendant was a "prior drug offender" pursuant to § 195.291, RSMo Supp.1993, and a "prior offender," pursuant to §§ 558.016.2 and 557.036.4, RSMo Supp. 1993, and sentenced him to fifteen years imprisonment, to be served consecutively with the sentence previously imposed for a different conviction.

■ The defendant filed a Rule 29.15 motion for post-conviction relief, which was denied following an evidentiary hearing. The defendant filed a timely notice of appeal from the denial of this motion. However, since he has not filed a brief with this court addressing the Rule 29.15 order, the matter is deemed waived. *State v. Newman*, 839 S.W.2d 314, 317 n. 1 (Mo.App.1992). We proceed solely on the defendant's direct appeal of his conviction.

In defendant's only point on appeal, he contends that the trial court erred in overruling his objection to the state's amended information that charged him as a "prior offender" and a "prior drug offender." Specifically, he contends that "the additional charge was the result of prosecutorial vindictiveness in retaliation for [defendant's] assertion of his right to a trial as the prosecutor chose to file the charge only after [defendant] asserted his right to a trial." Therefore, defendant concludes that the additional charge violated his right to due process as guaranteed by the Missouri and United States Constitutions.

The evidence shows that on March 1, 1991, defendant was charged by indictment with the distribution of a controlled substance in violation of § 195.211, RSMo Supp.1993. Subsequently, defendant made a request for discovery. On August 3, 1992, the state filed its response and notified defendant of its intent to file an amended information charging him as a "prior drug offender." It also made an initial plea offer to the defendant.

On August 24, 1992, the prosecutor wrote to defendant's attorney to confirm a plea bargain that had been reached earlier in the day. The agreement was that the defendant would received an eight-year sentence to be served concurrently with his sentence for a prior conviction. In his brief, the defendant repeatedly asserts that the letter discussing the plea agreement did not address the prior offender charge. However, the letter, submitted as an exhibit to this court, states in part:

2. The State will not prove Defendant up as a Prior Drug Offender under § 195.-291. Furthermore, the State will not prove Defendant up as a Prior Offender under § 558.019.

(Footnotes omitted). Although the defendant originally agreed to this plea offer, on September 9, 1992, he withdrew his acceptance and asserted his right to trial. Thereafter, the trial court granted the state leave to file an information in lieu of an indictment, charging defendant as a prior offender and as a prior drug offender.

In order to clarify the posture of the case we note that the defendant was told shortly after the case was filed that he would be charged pursuant to the prior offender statutes. Subsequently, in the plea negotiations, the prosecutor agreed with the defendant and his counsel that the state would forego filing the amended information charging the defendant as a prior offender under the applicable statutes in consideration of the defendant's agreement to plead guilty.

■ The law is clear that "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). This principle follows from the United States Supreme Court decision announced in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The Court found it necessary to "presume" an improper vindictive motive in those cases in which a reasonable likelihood of vindictiveness exists. *United States v. Goodwin*, 457 U.S. 368, 373, 102 S.Ct. 2485, 2488–89, 73 L.Ed.2d 74 (1982). Such a presumption of vindictiveness is not warranted in the pretrial setting. *Id.* at 381, 102 S.Ct. at 2492–93. At that stage of the proceedings, the prosecutor's assessment of its case has not materialized. Further investigation or evaluation of the lawsuit may frequently result in added charges or enhanced punishment charges. *Id.* Additionally, the Court noted, the defendant has access to a multitude of procedural protections which are often invoked, such as challenges to the sufficiency of the charge, discovery of the state's files, psychiatric evaluations, right to a trial by court or jury, and affirmative defenses such as self defense, all of which may and do change the complexity of the proceedings. *Id.* Therefore, under these circumstances in which a plea negotiation is

taking place, a presumption of vindictiveness is unwarranted.[1]

■ In order for the defendant to prove an allegation of prosecutorial vindictiveness, he must show that the additional charges were brought solely to penalize the defendant for exercising his constitutional rights and cannot be justified as a proper exercise of prosecutorial discretion. *Id.* at 380 n. 12, 102 S.Ct. at 2492 n. 12; *see also State v. Massey,* 763 S.W.2d 181, 183 (Mo.App.1988).

■ If the state has probable cause to believe that the accused committed a crime as defined by statute, the decision whether or not to prosecute and what charges to file generally rests entirely within the prosecutor's discretion. *Bordenkircher,* 434 U.S. at 364, 98 S.Ct. at 668-69. Having decided to tolerate and encourage the plea bargaining process in furtherance of societal interests, the Supreme Court "has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty." *Id.* A pretrial change in the charging decision is the result of the "give-and-take" of plea bargaining and there is no element of punishment or retaliation when the accused is free to accept or reject the prosecution's offer. *Id.* at 363, 98 S.Ct. at 667-68.

In *Bordenkircher,* the defendant was initially indicted with uttering a forged instrument in the amount of $88.30, a crime punishable by a term of two to ten years in prison. *Id.* at 358, 98 S.Ct. at 665. After plea negotiations failed, the prosecutor obtained an additional indictment charging the defendant under the Kentucky Habitual Offender Act, which at the time carried a mandatory life sentence. *Id.* at 358-59, 98 S.Ct. at 665-66. As in the present case, it was undisputed that: the recidivist charge was supported by the evidence; the prosecutor knew this at the time the original charge was filed; and the defendant's refusal to plead guilty to the original charge was what led to the filing of the recidivist charge of life imprisonment. *Id.* at 359, 98 S.Ct. at 665-66.

■ In affirming the conviction and sentence, the Court held that the prosecutor's conduct, "which no more than openly presented the defendant with the unpleasant alternatives of forgoing trial or facing charges on which he was plainly subject to prosecution," did not violate due process. *Id.* at 365, 98 S.Ct. at 669.[2] The *Bordenkircher* prosecutor readily admitted that he filed the additional charges to persuade the defendant to plead guilty. That threat did not prove his acts impermissible as legally falling within the definition of vindictiveness because the filing of the charges was not done solely to penalize the defendant. Delaying the filing of more serious or additional charges in order to facilitate plea bargaining is an accepted strategy in plea negotiations. *See Massey,* 763 S.W.2d at 183.

■ In the present case, the prosecutor's conduct in charging the defendant as a prior offender and a prior drug offender was not done solely to penalize the defendant for asserting his right to a trial. It was rather a proper exercise of prosecutorial discretion. One of the real dangers in adopting a prophylactic rule of a presumption of vindictiveness is evident if we follow the defendant's argument to its logical conclusion. All criminal defendants would attempt to obtain a favorable plea agreement with the state. Upon negotiating a plea, the defendant could choose to reject the agreement and demand a trial, secure in the knowledge that the terms included in the agreement, including lesser charges and sentencing recommendations, form the maximum charges and penalties for that particular crime. Any attempt at revision by the state would constitute prosecutorial vindictiveness. The prosecutor's action

---

**1.** The denial of a presumption of vindictiveness would not prohibit a defendant from presenting objective evidence of prosecutorial vindictiveness. *Id.* at 384, 102 S.Ct. at 2494.

**2.** *Bordenkircher* recognized plea bargaining as a legitimate process that does not allow for a presumption of vindictiveness. The Court noted that additional charges may be used to induce the defendant to plead guilty and it is immaterial whether the additional charges were filed in the original indictment or threatened in the course of plea negotiations and filed only when the initial plea agreement fell through. *Id.* at 360-61, 98 S.Ct. at 666-67.

in filing under the prior felony statutes enhancing the penalty was an acceptable response in light of the parties' failure to reach a plea agreement. Therefore, the defendant's right to due process was not violated by the prosecutor's amendment of the information.

Judgment of conviction is affirmed. Appeal from the denial of Rule 29.15 motion is dismissed.

All concur.