**STATE of Missouri, Respondent,**

v.

**Carlos PATINO, Appellant.**

No. 22370.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 30, 1999.

Motion for Rehearing and Transfer
Denied Dec. 21, 1999.

---

1. Plaintiff/Respondent did not file a brief.

Kent Denzel, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

PHILLIP R. GARRISON, Chief Judge.

Carlos Patino ("Defendant") received a sentence of ten years after being found guilty by the trial court of trafficking drugs in the first degree, § 195.222.2.[1] On this appeal he contends that the trial court erred in finding him guilty of attempting to commit first degree trafficking under § 195.222, rather than the inchoate offense of attempt under § 564.011; in overruling his motion to dismiss for vindictive prosecution; and in denying his motion to suppress.

The sufficiency of the evidence to support the conviction is not in dispute. Accordingly, we view the evidence and all reasonable inferences therefrom in the light most favorable to the judgment of conviction. *State v. Link,* 965 S.W.2d 906, 908 (Mo.App. S.D.1998). The facts, viewed in that light, indicated that Defendant was recruited by a man in Chicago to pick up illegal drugs in Memphis and return them to Chicago for which he would be paid $3,000. Defendant, in turn, arranged with an acquaintance, Jairo Cardona–Rivera ("Rivera") to use Rivera's car in return for a payment of $500 and a loan of $500. Rivera, however, insisted on accompanying Defendant on the trip.

Defendant and Rivera left Chicago on October 27, 1993, in Rivera's 1984 Toyota. When they arrived in Memphis, Defendant contacted the person from whom he obtained the drugs and placed them in a suitcase in the trunk. The two then started on the return trip to Chicago which was interrupted when they were stopped on October 28, 1993, by Trooper Jeffrey Heath ("Trooper Heath") of the Missouri State Highway Patrol when he observed the Toyota, driven by Defendant, following a truck too closely. Trooper Heath asked Defendant to step to the rear of the vehicle after obtaining his driver's license. When they did, Trooper Heath learned from Defendant that the car belonged to his passenger, Rivera. Trooper Heath then approached Rivera who acknowledged that the car was his, but claimed not to know the name of the driver, where they were coming from, or where they were going. When Rivera produced the car's registration, Trooper Heath took Defendant to his patrol car and wrote a warning ticket while running a computer check on the vehicle and Defendant's license. While that was being done, Trooper Heath

---

1. All references to statutes are to RSMo 1994 unless otherwise indicated.

asked Defendant the name of the passenger, where they were coming from, and where they were going. Defendant claimed not to know the answer to any of these questions. When Trooper Heath asked Defendant how he knew what roads to take, Defendant told him that the passenger was telling him where to drive.

Trooper Heath gave the warning ticket to Defendant and told him that he was free to go. As they were both walking toward the front of the patrol car, Trooper Heath asked Defendant if he had any guns, drugs or weapons in the vehicle. When Defendant said "no" Trooper Heath asked him if he could search the vehicle and its contents. Defendant appeared to become "very nervous" and said that he could search the vehicle. After telling Defendant to stand in front of the Toyota, Trooper Heath went to Rivera and told him that Defendant had given him permission to search the vehicle. When Rivera made no response, Trooper Heath asked him to also stand at the front of the car. Trooper Heath then opened the truck, noticing that both Defendant and Rivera became more nervous, and opened an unlocked suitcase in the trunk, finding eight bundles of what proved to be cocaine. Trooper Heath then placed both Defendant and Rivera under arrest.

The information under which Defendant was charged alleged:

> ... that the defendant, in violation of Section 195.222.2(2), RSMo., committed the class A felony of an attempt to commit the offense of trafficking in the first degree, punishable upon conviction under Section 558.011.1(1), RSMo., in that on or about October 28, 1993, in the County of Pemiscot, State of Missouri, the defendant while travelling northbound in a 1984 Toyota Corolla was stopped by the Missouri State Highway Patrol and inside the vehicle were eight bundles which contained 450 grams or more of a mixter or substance containing a detectable amount of cocaine salts, a controlled substance, knowing or con-

sciously disregarding a substantial and unjustifiable risk that it was a controlled substance and such oconduct [sic] was a substantial step toward delivery of the aforementioned controlled substance and constituted an attempted delivery pursuant to Section 195.222.2, RSMo., and was done for the purpose of committing such trafficking in the first degree; ...

This appeal followed Defendant's conviction by the trial court.

In his first point on appeal, Defendant contends that the trial court plainly erred in finding him guilty of and sentencing him for the class A felony of attempting to commit first degree trafficking under § 195.222, rather than the inchoate offense and class B felony of attempt under § 564.011. In support, he argues that the State charged him with conduct constituting a "substantial step" toward delivery of the cocaine, and that the trial court's judgment reflected the same finding. According to Defendant, this indicates that he was charged with, and convicted of, an attempt under § 564.011, which provides, in pertinent part:

> A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

An attempt under § 564.011.3 to commit a class A felony constitutes a class B felony.

Defendant compares the "substantial step" language from the information filed against him and § 564.011, with the language of § 195.222.2 under which he was sentenced for a class A felony:

> A person commits the crime of trafficking drugs in the first degree if, he ... attempts to distribute, deliver, manufacture or produce more than one hundred fifty grams of ... cocaine salts ...

He argues that not only was he charged with a violation of § 564.011.1, rather than § 195.222.2, but that, in addition, there was no evidence from which a rational trier of fact could have found beyond a reasonable doubt that when he was found with the cocaine in his possession that he had the present ability to consummate the offense within the State of Missouri (deliver the cocaine in this State) proscribed by § 195.222. He concludes that sentencing him to a class A rather than a class B felony constituted a manifest injustice and miscarriage of justice. Consequently, he argues that the case should be remanded for resentencing within the punishment range of a class B felony.

 By contending that the trial court plainly erred, Defendant appears to concede that he did not preserve this contention for appellate review. In seeking plain error review, a defendant must show that the trial court's action was erroneous and that the error had such a substantial effect upon the accused's rights that manifest injustice or a miscarriage of justice will result if the error is not corrected. *State v. Hornbuckle,* 769 S.W.2d 89, 93 (Mo. banc 1989), *cert. denied,* 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989). Defendant bears the burden of establishing manifest injustice. *State v. DeJournett,* 868 S.W.2d 527, 531 (Mo.App. S.D. 1993). The determination of whether plain error exists must be based on the facts and circumstances of each case. *Id.* The assertion of plain error places a much greater burden on a defendant than when he asserts prejudicial error. *State v. Clements,* 849 S.W.2d 640, 644 (Mo.App. S.D.1993).

 All three districts of the Missouri Court of Appeals have recognized that there are two types of attempt: (1) common law attempt under § 195.211; and (2) statutory attempt under § 564.011. *See State v. Wurtzberger,* No. WD 56473, slip

op. at 9, —— S.W.3d ——, ——, 1999 WL 1011953 (Mo.App. Nov. 9, 1999); *State v. Little,* 986 S.W.2d 924, 925 (Mo.App. E.D. 1999); *State v. Farr,* 978 S.W.2d 448, 450 (Mo.App. S.D.1998) (citing *State v. Reyes,* 862 S.W.2d 377, 383 (Mo.App. S.D.1993).) The inchoate offense of "attempt" under § 564.011.1 is a broader offense than common law attempt. *Farr,* 978 S.W.2d at 450. An attempt charged under § 564.011.1 only requires proof of a "substantial step" toward consummation of the substantive offense, whereas the common law meaning of attempt requires the conduct of the accused to "nearly approach the consummation of that offense." *Id.* As used in § 195.211, "attempt" bears the common law meaning, and a conviction of an attempt under that statute requires proof under the common law standards. *Id.* In claiming that he was only charged with "attempt" under § 564.011.1 and, therefore, should only be sentenced for violation of a class B felony, Defendant does not dispute that there was sufficient evidence to support a conviction of an "attempt" pursuant to § 564.011.1.

Rule 23.01(b)[2] requires that an information include, *inter alia,* the essential facts constituting the offense charged, the section of the statutes alleged to have been violated, the section of the statutes which fixes the penalty or punishment therefor, and the name and degree of the offense charged. The information in this case specifically alleged that in violation of § 195.222.2(2), Defendant committed the class A felony of an attempt to commit the offense of trafficking in the first degree punishable under § 558.011.1(1) (which provides a range of punishment for a class A felony of ten to thirty years, or life imprisonment). After setting out the pertinent facts, it alleged that such conduct constituted an attempted delivery pursuant to § 195.222.2, which was done for the purpose of committing trafficking in the

**2.** All references to rules are to Missouri Rules of Criminal Procedure (1999) unless otherwise indicated.

first degree. Defendant argues that the inclusion of the phrase that "such oconduct [sic] was substantial step toward delivery" converts this from a charge of common law attempt under § 195.222.2 to that of an inchoate attempt under § 564.011, which carries punishment as a class B felony (five to fifteen years).

In support of his contention that the information actually charged the inchoate offense of "attempt" under § 564.011, Defendant cites *State v. Taylor*, 929 S.W.2d 209, 218 (Mo. banc 1996), *cert. denied*, 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997) for the proposition that citing the incorrect statute does not necessarily render an information insufficient. The Missouri Supreme Court continued, however, by saying that the "primary purpose of an information is to give defendant sufficient notice of the charge to allow adequate preparation of a defense and avoid retrial on the same charges in case of acquittal." *Id.* He also cites *State v. Henderson*, 750 S.W.2d 507, 512–13 (Mo.App. W.D.1988) for the proposition that citation of a statute in an information is not conclusive as to the offense charged and is treated as surplusage. There the court went on to say, however, that "[t]he test of sufficiency of an indictment is whether it contains all essential elements of the offense as set out in the statute and clearly apprises the defendant of the facts constituting the offense in order to enable him to meet the charge and to bar further prosecution." *Id.*

■ Rule 23.11 provides, in pertinent part, that no information shall be invalid because of any defect therein which does not prejudice the substantial rights of the defendant. We are to reverse only if the information is so defective that by no reasonable construction can it be read to charge the defendant with the offense for which he was convicted. *State v. Collis*, 849 S.W.2d 660, 664 (Mo.App. W.D.1993). Here, the record reveals that Defendant was clearly aware that he was charged with attempt under § 195.222.2, rather than an inchoate attempt under § 564.011. Defense counsel, at one point in the trial, informed the trial court that she understood that the charge that the prosecutor had filed against her client was a class A felony (Defendant now argues that he was charged only with an "attempt" under § 564.011, which carries punishment as a class B felony if the offense attempted was a class A felony). On another occasion, Defense counsel told the court that "[w]hat he is charged with at this time ... is without parole, 10 to 30 years to life." This is significant in that the punishment provided under § 195.222.2(2) (specifically referred to in the information) is the authorized term of imprisonment for a class A felony "which term shall be served without probation or parole," and § 558.011 (also referred to in the information) provides that the term of imprisonment for a class A felony shall be ten years and not to exceed thirty years or life imprisonment. It is, therefore, clear that Defendant understood that he was charged with a violation of § 195.222.2 and not § 564.011. He has not demonstrated prejudice, and certainly not a manifest injustice or a miscarriage of justice authorizing relief for plain error.

■ Additionally, where an information charges one offense and defectively charges another, the latter may be rejected as surplusage. *State v. Adams*, 546 S.W.2d 550, 552 (Mo.App.St.L.1977). Surplusage is the inclusion of words or phrases that are unnecessary to charge the statutory elements of the offense. *State v. Hodges*, 829 S.W.2d 604, 607 (Mo.App. E.D.1992). In this regard, we note that § 564.011.1, which Defendant claims he was charged with violating, prohibits an "attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense." The information here did not charge that the acts alleged were with the purpose of committing the offense of delivering the drugs. Because of the specificity of the

information concerning the charge of a violation of § 195.222.2, the class A felony of attempt to traffic in the first degree, which was punishable under the statute prescribing the punishment for such an offense, we are constrained to hold that the inclusion of the words "a substantial step towards deliver" were merely surplusage. They constituted merely the conclusory statement of the pleader. *See State v. Burgess*, 456 S.W.2d 641, 642 (Mo.App. St.L.1970). Point one is denied.

■ As we perceive Defendant's second point on appeal, he contends that the trial court erred in overruling his motion to dismiss based on a theory of vindictive prosecution. He argues that his right to due process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Missouri Constitution was violated because the State refiled charges against him after he testified for the defense at Rivera's trial. He points to the fact that the State had earlier dismissed the charges against him when he was prosecuted in federal court, and did not refile them until he testified at Rivera's state court trial. In that testimony, Defendant took full responsibility for the drugs in the car, and said that Rivera did not know the purpose of the trip or that the cocaine was in the car. Defendant's theory is that the charge was refiled against him in retaliation for the exercise of his right to testify in Rivera's trial. He also points to the following statements made by the prosecutor during argument on his motion to dismiss for vindictive prosecution:

So, Judge, its not a situation in which [Defendant] is being prosecuted for just coming and telling the truth. I think that [Defendant's attorney] is probably correct that if [Defendant] never came and testified in this case we probably would not be here today. But since he did come and, in our position, came and committed perjury in order to try and help a partner of his, [Rivera], his partner in this crime pull the wool over a

jury's eyes and get acquitted, which didn't work, I mean, and then at the trial admit under oath the responsibility for all these drugs, it puts us in a position of having a clear-cut case against [Defendant] in which he admitted under oath that this was his drugs.

■ It is a violation of due process for a person to be punished for doing what the law plainly allows him to do. *United States v. Goodwin*, 457 U.S. 368, 372, 102 S.Ct. 2485, 2488, 73 L.Ed.2d 74, 80 (1982). A prosecutor, however, has broad discretion in determining whom to prosecute. *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547, 555–56 (1985). In order to prove prosecutorial vindictiveness a defendant must show that the charges were brought solely to penalize him for exercising his constitutional rights and that they cannot be justified as a proper exercise of prosecutorial discretion. *State v. Molinett*, 876 S.W.2d 806, 809 (Mo.App. W.D.1994). A prosecutor has broad discretion to prosecute and this decision is rarely subject to judicial review. *State v. Murray*, 925 S.W.2d 492, 493 (Mo. App. E.D.1996). If the state has probable cause to believe that the accused committed a crime as defined by statute, the decision whether or not to prosecute and what charges to file generally rests entirely within the prosecutor's discretion. *Molinett*, 876 S.W.2d at 809.

In this case, Defendant testified at Rivera's trial, taking full responsibility for the drugs found in the car. At the trial of the charges in this case, Defendant testified that he had accepted a third party's offer to transport a shipment of drugs from Memphis to Chicago for which he was to be paid $3,000; that he picked up the drugs in Memphis where they were placed in a suitcase which he had taken on the trip for that purpose, and that he was fully aware that they were transporting cocaine to Chicago for delivery to people he knew to be in the drug business.

The fact that these charges were refiled after Defendant's testimony at Rivera's

trial does not require the conclusion that they were based on prosecutorial vindictiveness. The prosecutor was faced with a situation where Defendant had, under oath, accepted full responsibility for transporting the drugs. This responsibility was fortified by his testimony in this trial where his only defense was that he had been fearful for his mother's safety.[3] Under these circumstances, it can hardly be concluded that the prosecutor refiled these charges for reasons other than the proper exercise of prosecutorial discretion. Point two is denied.

Defendant's third point on appeal is based on trial court error "in denying [Defendant's] motion to suppress the evidence that the police found cocaine in his car, and in admitting the evidence against him ..." He claims that Trooper Heath did not have reasonable suspicion on which to base a continued detention of him after the traffic stop ended (he says that a reasonable person would not have felt free to leave), and that consequently any consent to a search given by Defendant was invalid. He also argues that Trooper Heath exceeded the scope of his consent to search by searching the suitcase in addition to the vehicle.

Defendant's point relates to the denial of his pre-trial motion to suppress evidence concerning the discovery of cocaine in the vehicle he was driving at the time he was stopped, and in the admission of that evidence at his trial. This point is without merit for several reasons.

The scope of the issue for determination on appeal is that framed in the point relied on. *State v. Talbert,* 873 S.W.2d 321, 323 (Mo.App. S.D.1994). "A motion to suppress, in and of itself, preserves nothing for appeal, and ordinarily, a point relied on that refers only to a ruling on such a motion is fatally defective." *State v. Cardona–Rivera,* 975 S.W.2d 200,

203 (Mo.App. S.D.1998). Additionally, a ruling on a motion to suppress is interlocutory and subject to change during the course of the trial. *Id.* A specific objection is required when evidence is offered at trial to preserve the issue for appellate review. *Id.* No such objection was made in this case when evidence concerning the cocaine was offered.

In fact, in the instant case, the evidence concerning the cocaine was introduced after Defendant's counsel announced to the trial court that she had no objection. Such an announcement amounts to an affirmative waiver of appellate review of the issue. *Id.*; *State v. Daly,* 798 S.W.2d 725, 729 (Mo.App. W.D. 1990). Under such circumstances, plain error review is not warranted. *State v. Scott,* 858 S.W.2d 282, 285 (Mo.App.W.D. 1993).

Additionally, Defendant voluntarily testified in both this case and in Rivera's trial, and in each instance admitted knowingly transporting the cocaine found in the vehicle he was driving. Under such circumstances, even if the evidence should have been suppressed, its receipt into evidence was harmless error because Defendant's voluntary testimony amounted to a confession to which the challenged evidence was merely cumulative. *State v. Pate,* 859 S.W.2d 867, 870–71 (Mo.App. S.D.1993), (citing *Motes v. United States,* 178 U.S. 458, 20 S.Ct. 993, 44 L.Ed. 1150 (1900)).

For the above reasons, Defendant's third point is denied.

The judgment is affirmed.

SHRUM, P.J., MONTGOMERY, J., concur.

---

3. Defendant testified that the person who recruited him to transport the drugs had earlier sent money to Colombia for Defendant's mother who was in a nursing home. He testified at the trial of these charges that he was afraid for his mother's safety if he did not transport the drugs as requested.