**STATE of Missouri, Plaintiff–Respondent,**

v.

**Byron M. BURGE, Defendant–Appellant.**

No. 23403.

Missouri Court of Appeals, Southern District, Division One.

Nov. 1, 2000.

Motion for Rehearing or Transfer to Supreme Court Denied Nov. 27, 2000.

M. Shawn Askinosie, Teresa L. Grantham, Springfield, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, MO, for respondent.

PARRISH, Presiding Judge.

Byron Martin Burge (defendant) appeals his conviction for manufacturing methamphetamine, a controlled substance. § 195.211, RSMo 1994. Defendant waived trial by jury. He was tried and found guilty by the circuit court and sentenced to imprisonment for a term of seven years. This court affirms.

The information on which defendant was tried was filed August 11, 1998. A motion to suppress evidence was filed on his behalf November 19, 1998. The motion was heard January 29, 1999. Suggestions in opposition to the motion to suppress evidence were filed by the state February 3, 1999, and defendant filed "Post Hearing Suggestions" in support of the motion February 4, 1999.[1] The trial court's docket sheet reflects an entry dated "2/04/99" that states, "COURT RULES ON DEFT'S MOTION TO SUPPRESS. COUNSEL ADVISED PERSONALLY AND BY LETTER."

The February 4, 1999, docket entry does not state the disposition of the motion to suppress evidence. However, on the morning of trial the prosecutor stated on the record, in the presence of defendant and his trial counsel, that the motion had been heard "back in January" and had been overruled. Although the state had prevailed on defendant's motion to suppress evidence, the prosecutor told the trial judge she wanted to "reopen it to make a complete record of it for purposes of appeal...." She explained that she planned to put on one witness, "but not for complete testimony"; that she would then offer the transcript of the hearing on the motion to suppress evidence and ask the trial court to judicially notice that testimony. The prosecutor stated there were "a few questions" she wanted to ask the witness she would call first "and also to get some photographs into evidence." She stated a belief that defense counsel had some questions. The prosecutor then identified the other witnesses she would call and the order in which she would present them in the state's case-in-chief.

The trial judge asked defendant's trial attorney if she was in agreement that the transcript of the hearing on the motion to suppress evidence would be accepted as trial testimony to be supplemented with testimony of additional witnesses. Defendant's attorney answered, "Yes, your honor." The trial proceeded in that manner. The transcript of the hearing on the motion to suppress evidence was accepted as trial evidence. The state presented five additional witnesses. Defendant presented one witness. No rebuttal evidence was adduced. Closing arguments were made and the case submitted to the trial court.

At the conclusion of closing arguments, the trial judge reiterated his earlier decision to deny the motion to suppress evidence. The trial judge stated he would make a docket entry setting out his findings; that it would be dated that date, October 8, 1999. He set a date for hearing any post-trial motions and, in the event post-trial motions were overruled, for sentencing.

Consistent with the trial judge's announcement, the legal file component of the record on appeal reflects a docket entry dated "10/08/99" that acknowledges the presence of the attorneys of record and defendant; that hearing was held on defendant's motion to suppress evidence and that the motion was overruled. The dock-

---

1. The docket entry states the suggestions were filed February 4; however, the copy in the legal file is stamped as filed February 3, 1999.

et entry acknowledges opening statements on behalf of both parties and that evidence was presented. It then states, "COURT FINDS DEFT GUILTY OF THE CLASS B FELONY OF MANUFACTURE OF A CONTROLLED SUBSTANCE" and states the date for hearing post-trial matters that had been announced at the conclusion of the trial. A presentence investigation was ordered. Following receipt of the presentence investigation, judgment and sentence were entered.

■ The only issue raised on appeal is the trial court's failure to suppress evidence seized from defendant's home. Defendant contends the trial court erred in failing to suppress all items of physical evidence found inside his residence and all testimony regarding that evidence because the items were seized without a warrant, without defendant's consent, and "without any cognizable exception to the warrant requirement."

■ *State v. Patino*, 12 S.W.3d 733 (Mo.App.1999), explains what an appellate court considers in the course of its review and the efficacy of a motion to suppress evidence:

The scope of the issue for determination on appeal is that framed in the point relied on. *State v. Talbert*, 873 S.W.2d 321, 323 (Mo.App. S.D.1994). "A motion to suppress, in and of itself, preserves nothing for appeal, and ordinarily, a point relied on that refers only to a ruling on such a motion is fatally defective." *State v. Cardona–Rivera*, 975 S.W.2d 200, 203 (Mo.App. S.D.1998). Additionally, a ruling on a motion to suppress is interlocutory and subject to change during the course of the trial. *Id.* A specific objection is required when evidence is offered at trial to preserve the issue for appellate review. *Id.*

*Id.* at 740. *Patino* further explains that when an attorney announces to the trial court that she has no objection to evidence tendered at trial, "[s]uch an announcement amounts to an affirmative waiver of appellate review of the issue." *Id.*

■ During trial defendant's trial counsel did not object to the evidence and testimony that defendant now seeks to address. Each time the state tendered evidence obtained as a result of the search about which defendant now complains, his trial attorney stated "[n]o objection."[2] Assignments of error directed toward the admissibility of evidence must be timely presented when the evidence is offered at trial. *State v. Hankins*, 801 S.W.2d 781, 783 (Mo.App.1991). A motion to suppress evidence, in and of itself, preserves nothing for appeal. *Patino, supra.* The judgment of conviction is affirmed.

SHRUM and MONTGOMERY, JJ., concur.

---

**2.** The only evidence defendant's attorney objected to at trial was a photograph of a propane tank. The bases stated for the objections were that the witness who identified the object in the photograph as a propane tank did not have actual knowledge that the tank contained propane as opposed to some other substance, and that the witness was not qualified to testify about what caused "bluing and corrosion" around the tank's fittings.