JOHN E. PARRISH, Presiding Judge.
 

 Faron Fulliam (defendant) was convicted, following a trial without a jury before the Circuit Court of Dent County, Missouri, of the Class C felony of possession of methamphetamine, a controlled substance. § 195.202.
 
 [1]
 
 Defendant was charged as, found to be, and sentenced as a persistent offender. This court affirms.
 

 On June 29, 2002, defendant was a passenger in a vehicle stopped by Missouri Highway Patrol Trooper James Mulkey. The vehicle was traveling east on Old Route 66 near Cuba, Missouri, when Trooper Mulkey observed it speeding. The vehicle was traveling 66 miles per hour in a 55 mile-per-hour speed zone. Trooper Mulkey recognized the vehicle as one he had stopped two days earlier for invalid registration. The same invalid plates were on the car.
 

 Trooper Mulkey approached the driver’s side of the vehicle after it stopped. He saw “a hose and some cans and stuff [he] was kind of curious about” inside the car. They were items he recognized as commonly used in the production of methamphetamine. The driver and owner of the vehicle was James West. Trooper Mulkey asked the driver to accompany him to his patrol vehicle. Defendant was seated on the front passenger side of the car. Trooper Mulkey permitted defendant to remain in the car.
 

 While talking to Mr. West about the traffic violations, Trooper Mulkey observed defendant moving around in the vehicle. Defendant appeared to be reaching across to the driver’s side of the car and around the passenger seat. Trooper Mulkey was concerned. He explained, “My immediate concern was my safety. I wondered what he was doing up there, you know, what he was reaching for — he might
 
 *411
 
 be reaching for a weapon or something similar.” He was also concerned that defendant might be disposing of evidence or hiding evidence of a crime.
 

 Trooper Mulkey asked Mr. West if there was anything in the vehicle about which he needed to be aware. Mr. West told him there was not; that he could search the car. Trooper Mulkey then issued Mr. West a summons for improper vehicle registration. He asked Mr. West if he was sure he would not mind if he searched the vehicle. Mr. West told him to go ahead.
 

 Mr. West remained in the patrol vehicle while Trooper Mulkey approached his car. The trooper asked defendant to step out of the vehicle. Defendant was asked if he “had anything on him.” He was asked to empty his pockets. Defendant did as he was requested. Trooper Mulkey then asked him to step to the rear of the ear. Trooper Mulkey opened the car door. He saw a small plastic baggie next to the passenger’s seat, just to the right of where defendant had been seated. The bag was later tested and determined to contain .01 grams of methamphetamine.
 

 The trooper arrested defendant and advised him of his Miranda rights.
 
 See Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He placed defendant in his patrol vehicle to transport him to the Crawford County Jail. Defendant was asked why he had been moving around while Trooper Mulkey had Mr. West in his vehicle. Defendant answered, “I was making sure I didn’t have anything in my pockets.” Defendant was asked how much methamphetamine he had used. He answered that he had smoked some just before leaving James West’s residence in Cuba, Missouri. He told Trooper Mulkey that he and Mr. West had purchased a quarter bag earlier that day.
 

 Defendant presents one point on appeal. He contends the trial court erred in denying a motion to suppress evidence defendant filed and in considering 1) a baggie containing .01 grams of methamphetamine; and 2) his statement that he was making sure he did not have anything in his pockets. Defendant argues that this evidence was the fruit of an unlawful seizure; “that once Trooper Mulkey had issued [James] West a citation, further detention exceeded the scope of the lawful traffic stop.” Defendant contends that West’s consent to the search was involuntary because he “was confined in the back of the patrol car and not free to leave.”
 

 Defendant’s motion to suppress evidence was filed December 29, 2003, the morning of trial. The motion sought “to suppress any and all evidence derived from the illegal detention of defendant and the motor vehicle in which he was riding ... on June 29, 2002.” Defendant’s attorney suggested that the trial court “take it up simultaneously with the tidal when we proceed with that.” The trial court permitted the motion to be filed and stated it would be taken with the case.
 
 [2]
 

 Arguments were heard on the motion at the close of the evidence. The trial court found that defendant had no standing to object to the search of the vehicle because Mr. West, the owner and operator of the vehicle, had consented to the search. The motion was denied.
 

 The state, in its respondent’s brief, argues that defendant did not object to the evidence adduced at trial about which he now complains; that, therefore, the issue defendant asserts in this appeal was not preserved for appellate review. This court agrees.
 

 
 *412
 
 A specific objection to evidence when offered at trial is required to preserve the issue of the admissibility of the evidence for appellate review.
 
 State v. Cardona-Rivera,
 
 975 S.W.2d 200, 203 (Mo.App.1998). This is true notwithstanding that a motion to suppress evidence has not been determined before the trial but has been “taken with the case.”
 
 State v. Burge,
 
 39 S.W.3d 497, 499 (Mo.App.2000);
 
 State v. Huchting,
 
 927 S.W.2d 411, 415 (Mo.App.1996). This court has, nevertheless, reviewed defendant’s complaints regarding the admission in evidence of the items obtained at the scene of the traffic stop for plain error as permitted by Rule 30.20 and finds no manifest injustice or miscarriage of justice occurred in this case.
 

 Mr. West consented to the search of his vehicle before the trooper issued a summons. The officer observed defendant moving around in the vehicle while he was discussing the traffic violation with Mr. West that had been the basis of the traffic stop. Mr. West was asked if there was anything in the vehicle about which the officer should be concerned. The response was, “[N]o, you can search it.” After issuing the summons, Trooper Mulkey asked again whether Mr. West was sure he would not mind if the officer searched the vehicle. Mr. West answered, “[N]o, go ahead.”
 

 The initial stop of the vehicle in which defendant was a passenger was lawful. Trooper Mulkey observed the vehicle exceeding the speed limit. He had authority to stop the car.
 
 State v. Kovach,
 
 839 S.W.2d 303, 312 (Mo.App.1992). His inquiry of James West following the stop and prior to the search of the car was appropriate. The events that resulted in the search of the vehicle occurred prior to the issuance of the summons to Mr. West. They occurred, and the consent to search was given, “within the parameters of the traffic stop itself.”
 
 State v. Barks,
 
 128 S.W.3d 513, 517 (Mo. banc 2004),
 
 quoting State v. Woolfolk,
 
 3 S.W.3d 823, 829 (Mo.App.1999). James West consented to the search of the vehicle. His consent was voluntarily given. A consensual search is lawful.
 
 Woolfolk, supra,
 
 at 831. Defendant was, therefore, not the subject of an illegal seizure while Trooper Mulkey performed the search. The trial court committed no error, plain or otherwise. The judgment is affirmed.
 

 BATES, C.J., and SHRUM, J., concur.
 

 [1]
 

 . References to statutes are to RSMo 2000.
 

 [2]
 

 .
 
 See
 
 Rule 24.05.
 
 See also
 
 § 542.296. These provisions are discussed in
 
 State v. Galazin,
 
 58 S.W.3d 500, 504 n. 2 (Mo. banc 2001).