

# Missouri Court of Appeals
## Southern District

### In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD38068 |
| | ) | |
| BRYON G. PETTIJOHN, | ) | **Filed: July 16, 2024** |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY

Honorable John D. Beger

**<u>AFFIRMED</u>**

Bryon G. Pettijohn ("Defendant") presents two points that seek a new trial based upon plain-error review of the circuit court's "admission" of two categories of evidence adduced during his jury trial.[1] We decline Defendant's request for plain-error review and affirm the presumed-correct judgment of the circuit court.

---

[1] Defendant was charged with second-degree kidnapping under section 565.120, third-degree domestic assault under section 565.074, and second-degree property damage under section 569.120. The jury found Defendant not-guilty of the second-degree kidnapping charge and not-guilty of its lesser-included offense of third-degree kidnapping. The jury also found Defendant not-guilty of third-degree domestic assault, finding instead that Defendant was guilty of the lesser-included crime of fourth-degree domestic assault (*see* section 565.076). Finally, the jury found Defendant guilty as charged of second-degree property damage. Unless otherwise indicated, all statutory references are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017. Defendant does not challenge "the sufficiency of the information or indictment, verdict, judgment, or sentence." *See* Rule 30.20. Unless otherwise indicated, all rule references are to Missouri Court Rules (2023).

1

**Standard of Review**

"The threshold issue in plain error review is whether the circuit court's error was facially 'evident, obvious, and clear.'" ***State v. Wood***, 580 S.W.3d 566, 579 (Mo. banc 2019) (quoting ***State v. Jones***, 427 S.W.3d 191, 195 (Mo. banc 2014)). "If the appellant establishes a facially 'evident, obvious, and clear' error, then this Court will consider whether the error resulted in a manifest injustice or miscarriage of justice." ***Id.*** This is founded upon Rule 30.20, which grants us discretion to review unpreserved claims of error if we find "that manifest injustice or miscarriage of justice has resulted *therefrom*" (emphasis added). The "therefrom" refers to an "'evident, obvious, and clear'" error committed by the circuit court. ***State v. Brandolese***, 601 S.W.3d 519, 531 (Mo. banc 2020) (quoting ***State v. Baumruk***, 280 S.W.3d 600, 607 (Mo. banc 2009)). "To obtain a new trial on direct appeal based on a claim of plain error, the appellant must show 'the error was outcome determinative.'" ***Wood***, 580 S.W.3d at 579 (quoting ***State v. Baxter***, 204 S.W.3d 650, 652 (Mo. banc 2006)).

**Analysis**

Defendant's first point claims that testimony about methamphetamine found inside Defendant's residence should not have been "admitt[ed]" because it was evidence of prior bad acts and was not legally relevant to the charges brought against Defendant.[2]

---

[2] Point 1 states, in its entirety:

> The trial court plainly erred in admitting evidence of [Defendant]'s possession of methamphetamine at the time of his arrest because this evidence violated [Defendant]'s rights to be tried only on the charged offenses, due process of law, and a fair trial under the United States Constitution, amendments V, VI, and XIV, and Missouri Constitution article I, sections 10, 17, and 18(a) in that this testimony amounted to improper evidence of ancillary bad acts, with no true admissible purpose, encouraging the jury to convict [Defendant] based upon the implication that he is a drug dealer, rather than their conclusion that the state proved [Defendant] guilty of the charged offenses.

Defendant's second point claims the circuit court plainly erred in "admitting" improper character evidence of Defendant's violent, erratic, and unstable behavior.[3] We address both points together as they fail for the same reason.

Defendant's claim that the circuit court erred in "admitting" the unchallenged testimony is an ineffectual attempt to characterize inaction (the lack of action) as a ruling or action taken by the trial judge. *See* Rule 84.04(d)(1)(A) (appellant shall "[i]dentify the trial court *ruling or action* that the appellant challenges" (emphasis added)). No action was taken by the trial judge because Defendant never objected to any of the questions that elicited the testimony that Defendant now challenges on appeal. *See **State v. Fulliam***, 154 S.W.3d 423, 426 (Mo. App. S.D. 2005) ("A specific objection to evidence when offered at trial is required to preserve the issue of the admissibility of the evidence for appellate review").

---

Defendant was not charged or convicted of possession of methamphetamine. "As a general rule, evidence of prior uncharged crimes and prior bad acts are inadmissible for the purpose of showing the propensity of the defendant to commit such crimes." ***State v. Cosby***, 976 S.W.2d 464, 468 (Mo. App. E.D. 1998). "However, evidence of prior bad acts is admissible if it is both legally and logically relevant." ***Id.***

[3] Point 2 states, in its entirety:

> The trial court plainly erred in overruling admitting [Victim] to testify to [Defendant]'s general character as violent, erratic, and unstable person because this evidence violated [Defendant]'s rights to be tried only on the charged offenses, due process of law, and a fair trial under the United States Constitution, amendments V, VI, and XIV, and Missouri Constitution article I, sections 10, 17, and 18(a) in that this testimony amounted to improper general character evidence which [Victim] did not qualify as within her personal knowledge and such evidence held no true admissible purpose, encouraging the jury to convict [Defendant] based upon their belief that is dangerous and unpredictable, rather than their conclusion that the state proved [Defendant] guilty of the charged offenses.

"[C]haracter evidence does not involve proof of specific prior instances of conduct, but constitutes evidence that concerns a person's reputation, such as whether someone in the defendant's community views the defendant as a law-abiding citizen, a peaceable person, a truthful person, or as having any other general character trait." ***State v. Shockley***, 410 S.W.3d 179, 193 (Mo. banc 2013).

What Defendant actually claims -- without citation to any relevant authority -- is that the trial judge had a duty to, *sua sponte*, take some kind of "action" to interrupt the testimony at issue, presumably by cutting off the witness's answer and either issuing a curative instruction or declaring a mistrial. To the contrary, the "failure" of the judge to do so is understandable and laudable, in that "[u]ninvited interference by the trial court in trial proceedings is generally discouraged because it risks injecting the court into the role of a participant and invites error." **State v. Paine**, 631 S.W.3d 691, 694 (Mo. App. W.D. 2021).

The general rule is that if otherwise inadmissible evidence is elicited without objection, it may be considered in determining whether a submissible case has been made, its weight being an issue for the jury to determine. **State v. Gibbs**, 664 S.W.3d 742, 749 (Mo. App. S.D. 2023) (citing **State v. Edwards**, 116 S.W.3d 511, 545 (Mo. banc 2003)). "The trial court should take independent action only in the most unusual or exceptional circumstances." **Id.** "Thus, an appellate court will rarely find plain error where a trial court has failed to act *sua sponte* with regard to the proceedings." **Id.**

Because Defendant has failed to establish a facially evident, obvious, and clear error was committed by the circuit court, we decline plain-error review and affirm the presumed-correct judgment of the circuit court. *See* **State v. Pendergraft**, 688 S.W.3d 762, 766 (Mo. App. W.D. 2024) (The defendant "bears the burden of showing that plain error occurred . . . .") (internal quotation omitted).

DON E. BURRELL, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS