**STATE of Missouri, Respondent,**

v.

**Ronnie STACY, Appellant.**

**No. WD 50319.**

Missouri Court of Appeals,
Western District.

Jan. 16, 1996.

---

Rebecca L. Kurz, Assistant Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jill C. LaHue, Assistant Attorney General, Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and ULRICH and LAURA DENVIR STITH, JJ.

ULRICH, Judge.

Ronnie Stacy was convicted of murder in the first degree, Section 565.020.1, RSMo 1986, kidnapping, Section 565.110 RSMo 1986, robbery in the first degree, Section 596.020, RSMo 1986 and two counts of armed criminal action, Section 571.015, RSMo 1986. He was also charged as a prior, persistent and class X offender pursuant to Sections 558.016 and 558.019, RSMo 1986. Mr. Stacy appeals his first degree murder conviction, for which he was sentenced to life imprisonment without parole. Mr. Stacy claims error in the trial court's overruling his motion for judgment of acquittal at the close of the state's evidence and at the close of all evidence, contending the state's evidence was insufficient to support the jury's finding of guilt beyond a reasonable doubt on the charged offense in that the evidence failed to prove that he deliberated before stabbing the victim.

Judgment is affirmed.

The evidence is reviewed in the light most favorable to the verdict. *State v. Mack,* 903 S.W.2d 623, 626 (Mo.App. 1995). On November 23, 1993 Mr. Stacy went to the home of Ms. Thelma Masoner intending to rob her. She knew him from past contact and allowed him into the back door. He told Ms. Masoner that he wanted to borrow money. She turned and reached for her wallet, Mr. Stacy grabbed for the wallet, and Ms. Masoner slapped him. He slapped her back and then stabbed her with a kitchen knife which he had brought from his apartment.

After stabbing Ms. Masoner, he went upstairs and ransacked the rooms looking for items of value. When he came back down stairs Ms. Masoner was at the front door. Mr. Stacy approached Ms. Masoner from behind and stabbed her again. He then drug her to the basement where he took off her dress and ripped it up to tie her to a pole. He then exited through the front door knowing it would lock behind him. He removed the money from the wallet and discarded it with the knife in a dumpster. He took the money he had stolen and bought liquor before returning to his apartment. He then telephoned Ms. Masoner's house to see if she would answer the phone.

Mr. Robert Green, the victim's grandson, went to pick up his grandmother for Thanksgiving day dinner two days later. When he received no response at the front door, he broke into the back door where he observed blood in the living room. He immediately called the police. Officers entered the home and found a trail of blood leading from the hall through the kitchen to the basement door. When the officers went down stairs, they found the nude body of Ms. Masoner, her hands tied to a pole. An autopsy revealed that she had sustained fourteen stab wounds in her back and abdomen, and she had bled to death as a result of these wounds.

The jury found Mr. Stacy guilty of all five counts of the indictment. Mr. Stacy was sentenced as a prior persistent Class X offender to: life imprisonment without parole for the murder conviction; life imprisonment for armed criminal action; fifteen years imprisonment for kidnapping; thirty years imprisonment for robbery in the first degree; and thirty years imprisonment for armed criminal action. Notice of appeal was timely filed.

Mr. Stacy's only claim of error on appeal is that the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence in that the evidence was insufficient to support the jury finding beyond a reasonable doubt that he deliberated before stabbing Ms. Masoner. In reviewing a sufficiency of the evidence claim this Court determines if sufficient evidence permits a reasonable juror to find guilt. *State v. Storey,* 901 S.W.2d 886, 894–95 (Mo.1995). This Court will not weigh the evidence but accepts as true all evidence tending to prove guilt. *State v. Sladek,* 835 S.W.2d 308, 310 (Mo. banc 1992). The state is given the benefit of all reasonable inferences, and any contrary inferences are disregarded. *State v. Sexton,* 890 S.W.2d 389, 391 (Mo.App.1995).

Deliberation is defined as "cool reflection for any length of time no matter how brief." Section 565.002(3), RSMo 1986. Deliberation is normally proved by indirect evidence and inferences drawn from circumstances surrounding the murder. State v. Goforth, 881 S.W.2d 256, 263 (Mo.App.1994). Deliberation may be inferred from multiple wounds. *State v. Howard,* 896 S.W.2d 471, 481 (Mo.App.1995); *State v. Spears,* 876 S.W.2d 33, 35 (Mo.App.1994); *State v. Sandles,* 740 S.W.2d 169 (Mo. banc 1987), *cert. denied* 485 U.S. 993, 108 S.Ct. 1303, 99 L.Ed.2d 513 (1988). Evidence that the killer brooded over his action for any appreciable period of time before acting is unnecessary. *Goforth,* 881 S.W.2d at 263. Even the short amount of time required for the defendant to approach the victim before stabbing her supports the reasonable inference that defendant reflected for at least the time required to reach the victim. *State v. Clemmons,* 753 S.W.2d 901, 906 (Mo. banc 1988), *cert. denied* 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988).

In this case, Mr. Stacy stabbed Ms. Masoner fourteen times. He had enough time to reflect on his actions. She had invit-

ed him into her home and was retrieving money that he had requested when the exchange occurred between them that precipitated the stabbing. Additionally, evidence established that after Mr. Stacy stabbed Ms. Masoner the first time, he ransacked the house and returned to stab her again. Before both instances, and particularly before the second attack, Mr. Stacy had enough time to consider his actions.

Mr. Stacy also brought a knife to aid in his robbery. A reasonable inference can be drawn that by bringing a deadly weapon to commit the crime he had planned, Mr. Stacy reasonably anticipated use of the weapon. It is sufficient to show that the defendant merely considered taking another's life in a deliberate state of mind. *State v. Spears,* 876 S.W.2d 33, 35 (Mo.App.1994).

Additionally, inference of deliberation is strengthened by the fact that Mr. Stacy left the crime scene without procuring aid for the victim knowing he had stabbed Ms. Masoner numerous times. *State v. Howard,* 896 S.W.2d 471, 481 (Mo.App.1995). Not only did Mr. Stacy leave the scene without procuring aid, he dragged Ms. Masoner to the basement where he tied her up. The jury could easily infer this conduct was to insure that Ms. Masoner could not call for help, that she would die and that her body was less susceptible to discovery.

The jury could reasonably find, as it did, that Mr. Stacy, beyond a reasonable doubt, deliberated prior to killing Ms. Masoner. Point denied.

The judgment of conviction is affirmed.

All concur.