STATE of Missouri, Respondent,

v.

Randy CURTIS, Appellant.

Nos. WD 50821, WD 52223.

Missouri Court of Appeals,
Western District.

Oct. 22, 1996.

David Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for respondent.

HANNA, Presiding Judge.

The defendant, Randy Curtis, was convicted by a jury of possession of a controlled substance, § 195.202, RSMo 1994, and was sentenced as a prior offender to five years imprisonment. The defendant appeals his conviction and the denial of his Rule 29.15 motion. The dispositive issue is whether the police had reasonable suspicion to make a *Terry* stop.[1] Because we hold that the police had reasonable suspicion to stop the defendant, the Rule 29.15 issue as to whether trial counsel objected to the seizure of the illegal drugs when offered into evidence, is moot.

A confidential informant called Columbia, Missouri, Detective Ted Anderson on April 27, 1994, and told him that the defendant would be selling crack cocaine from his car later that evening. The informant had provided reliable information to Detective Anderson previously. During one communication with the informant, Detective Anderson had verified the identity of the defendant by showing the informant a picture of him.

On this occasion, the informant told Detective Anderson that the defendant was coming from Mexico, Missouri, and would be in the area of By George's, on the Business Loop in Columbia, selling crack cocaine out of his car. The informant told the detective that the defendant would be driving a 1990s model maroon four-door Buick with temporary tags. He also stated that the defendant would arrive in the area between 8:30 p.m. and 9:00 p.m. and that crack cocaine would be found in a glass vial.

Relying on this information, Columbia police officers set up a surveillance of the area. At approximately 8:45 p.m., the officers observed the defendant, driving a maroon Buick with temporary tags, pull into the parking lot of Mazzio's Pizza, across the street from By George's. This information was immediately verified by the officers. The officers approached the car and asked the defendant and his passenger to get out of the car. The defendant refused, put the car into reverse gear in an attempt to escape, and slammed into a police car stationed behind him. The defendant yelled to the officers that he could not open his door, and then reached in between the two front seats and put his hand under the back of the front passenger seat.

The defendant and his passenger eventually were removed from the car, and the defendant was arrested. The officers found a crack pipe and a Lifesavers container with approximately 8 rocks on the driver's seat of the car. The substance was later determined to be crack cocaine. When the officers searched under the seat where the defendant had been reaching, they found a razor blade, as well as a leather eyeglass case containing a glass vial, and a small amount of steel wool. The glass vial contained approximately 10 more rocks of crack cocaine.

The defendant contends that the police lacked reasonable suspicion to stop his car based on the information provided by the informant, who, the defendant argues, was not shown to be reliable. He contends, therefore, that the stop and subsequent search and seizure violated his Fourth Amendment rights.

The state argues that the defendant has waived the opportunity to raise this point on appeal because he waived his objection at the time the drugs were introduced into evidence. However, the defendant made a pretrial motion to suppress and evidence on the motion was heard. The motion was denied. Before opening statement, counsel requested and was granted a continuing objection by the court, which was agreed to by opposing counsel, in order to preserve his motion to suppress. He objected to testimony offered by the first witness in accordance with his prior motion and added that there was no

---

1. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20    L.Ed.2d 889 (1968).

foundation for his testimony. The court overruled the objection to the foundation and noted his continuing objection. Nevertheless, after having made a clear record to preserve the issue, trial counsel stated, "no objection," when the controlled substance was offered into evidence, and thereby, the state argues, affirmatively waived the continuing objection. *See State v. Holbert,* 416 S.W.2d 129, 131–32 (Mo.1967). It is apparent that counsel had no additional objection to the admissibility of the drugs when he said, "no objection." He had objected previously, and there is a reference in the record showing that that was his intent. We are satisfied that the trial court and opposing counsel understood that counsel did not intend to waive the carefully made record on defendant's motion to suppress the evidence. We therefore rule on the question of the suppression of the evidence on its merits, rather than on ineffective assistance of counsel, in deciding that there was no prejudice by the admission of the evidence under *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984).

■ The police may make an investigatory stop of a person without violating the Fourth Amendment. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The police must have a reasonable suspicion, based on articulable facts, that criminal activity is occurring. *Id.* at 30, 88 S.Ct. at 1884–85. Police officers may also stop a vehicle to investigate whether its occupants are involved in criminal activity. *United States v. Brignoni–Ponce,* 422 U.S. 873, 881, 95 S.Ct. 2574, 2580, 45 L.Ed.2d 607 (1975). An anonymous tipster's information must be corroborated by independent police work in order to be sufficient to provide a reasonable suspicion for an investigatory stop. *Alabama v. White,* 496 U.S. 325, 326–27, 110 S.Ct. 2412, 2414–15, 110 L.Ed.2d 301 (1990).

■ Detective Anderson received a phone call from the informant on April 27. He had interacted regularly with this informant, and the informant always had been reliable. In this case the informant identified the location where the defendant would be selling the cocaine. He also accurately pinpointed the time, between 8:30 and 9:00 p.m., that the defendant would be in the area. Further, the defendant's car was spotted at the location identified by the informant.

■ When examining information from a tipster under the totality of the circumstances, the ability of the tipster to predict future events is important. *Alabama,* 496 U.S. at 332, 110 S.Ct. at 2417. The informant in this situation accurately advised the police of the location where the defendant would be and the time at which he would arrive, therefore giving the informant's information a higher level of reliability than an ordinary confidential informant.

The Supreme Court has held that a known informant who has provided reliable information in the past, and who provides information that is immediately verifiable at the scene carries "enough indicia of reliability to justify [a] forcible stop....." *Adams v. Williams,* 407 U.S. 143, 146–47, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612 (1972). The reliability of this informant was demonstrated through Detective Anderson's testimony that the informant had given him information several times in the past which had always been accurate, as well as the accuracy of the information on this occasion as verified by the police before they made the initial stop.

■ The shown reliability of the informant on several previous occasions, combined with both the informant's accurate prediction of future events, the officers' verification of those events, and the defendant's attempt to leave the scene, thereby striking a police car, gave the officers reasonable suspicion to detain him in order to investigate the situation further.

The conviction of possession of a controlled substance is affirmed.

SMART and EDWIN H. SMITH, JJ., concur.