**STATE of Missouri, Respondent,**

v.

**James D. STILLMAN, Appellant.**

No. WD 50227.

Missouri Court of Appeals,
Western District.

Jan. 21, 1997.

David L. Simpson, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for Respondent.

Before ELLIS, P.J., and LOWENSTEIN and LAURA DENVIR STITH, JJ.

LOWENSTEIN, Judge.

James Stillman (Stillman) was bench tried and found guilty of trafficking drugs in the second degree in violation of § 195.223.3(1), RSMo 1994. Stillman was sentenced as a prior offender to fifteen years in prison. On appeal, Stillman maintains that the trial court erred in (1) overruling his motion to suppress evidence including a rock of cocaine and (2) overruling his motions for judgment of acquittal.

Stillman's jurisdictional statement indicates that his is a consolidated appeal pursuant to Rule 29.15, however, the court must dismiss the purported appeal of the motion court's denial of appellant's 29.15 motion because no issues regarding the motion are presented in Appellant's brief. Rule 30.06(d) requires that "the points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous." The Rule 29.15 appeal is therefore dismissed.

The incident which led to Stillman's arrest was prompted by a tip to the Buchanan County Police Strike Force by a paid confidential informant. The informant indicated that two black men in a white Mustang convertible with Kansas plates # ISY 541 parked in the 1800 block of Charles in St. Joseph were in possession of crack cocaine. The informant further indicated he had personally observed the men engaging in drug deals.

Responding to the tip shortly thereafter, a Buchanan County police officer spotted the described Mustang being driven by a black man as indicated by the informant. The officer contacted a nearby St. Joseph patrol car to stop the Mustang. The St. Joseph police officer pulled behind the vehicle, confirmed the license plate number, and turned on her lights to pull the car over. The officer then saw Stillman moving his right arm and hand up and down between the front seats to such an extent that "it was almost lifting his whole body out of the seat." Stillman proceeded to roll through a stop sign before finally pulling over into a parking lot.

The officer asked appellant to get out of the car. He did so, automatically placing his hands on the trunk of the car and assuming the position to be searched. Another officer conducted a pat down search of appellant and found, in his pocket, $168.00 (in mostly $20.00 bills) and six small zip lock bags [1]. Police then initiated a warrantless search of the Mustang and found, between the front seats, a single rock of what was later confirmed to be cocaine. During this search, a man arrived on the scene claiming ownership of the vehicle, explaining Stillman borrowed the car from him. Police later confirmed this person was the owner of the vehicle and released it into his custody. Stillman moved to suppress the evidence taken from the Mustang.

Stillman's first point on appeal is that the trial court erred in denying his motion to suppress and admitting evidence found during the search. Stillman argues that the police did not have probable cause or reasonable suspicion to conduct a stop and search of the vehicle. As a general rule, a pre-trial motion to suppress evidence is interlocutory. *State v. Herrington,* 890 S.W.2d 5, 7 n.1 (Mo.App.1994); *State v. Henderson,* 826 S.W.2d 371, 374 (Mo.App.1992). This case presents an unusual scenario in that defendant's counsel made a pre-trial motion to suppress and renewed his objections and his pretrial motion on the record during the

---

1. Stillman does not, on appeal, challenge the propriety of the search of his person.

officers' testimony, but when the state sought to admit the evidence, defense counsel stated "no objection."

■ The state argues that defendant's response of "no objection" to the offer of the cocaine is an affirmative waiver of any right to appellate review on this issue. *State v. Scott,* 858 S.W.2d 282, 285 (Mo.App.1993); Rule 30.20; *State v. Ealey,* 727 S.W.2d 165, 167 (Mo.App.1987). "The established rule in Missouri holds that stating 'no objection' when evidence is introduced constitutes an affirmative waiver of appellate review of the issue." *State v. Zelinger,* 873 S.W.2d 656, 660 (Mo.App.1994) (citing *State v. Daly,* 798 S.W.2d 725, 729 (Mo.App.1990)). In addition, where counsel states that he has no objection to the admission of evidence, this court will not generally grant plain error review because a statement by defendant's counsel that there is no objection to the mention of a particular piece of evidence, as opposed to the mere failure to object, "precludes a finding that the failure to object was negligent or inadvertent and renders the evidence admissible." *Scott,* 858 S.W.2d at 285.

In this case, defendant's counsel made a written motion in limine to suppress, made an oral motion to suppress, on the record, before opening statements, and renewed his objections during the testimony of the police officers. In each instance, the trial court overruled the motions and objections. Despite counsel's response of "no objection" to the admission of the three pieces of evidence at issue, this court finds the trial court and opposing counsel understood that defendant's counsel did not intend to waive the carefully made record on the motion to suppress the evidence. To now rule a waiver of this point and a denial of review would be a hypertechnical application of the requirement of renewing the objection at every stage. See *State v. Curtis,* 931 S.W.2d 493 (Mo.App. 1996). Therefore, the court will review the denial of Stillman's motion to suppress the evidence on the merits.

■ The proponent of a motion to suppress has the burden of establishing that his constitutional rights were violated by the challenged search or seizure; however, the burden is on the state to justify a warrantless search and to demonstrate that it falls within an exception to the warrant requirement. *State v. Burkhardt,* 795 S.W.2d 399, 404 (Mo. banc 1990).

■ In order to conduct a valid investigatory stop of the automobile which does not violate the Fourth Amendment, the police must have reasonable suspicion, based on articulable facts, that criminal activity is occurring. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion can arise from information less reliable than that required to show probable cause. *Alabama v. White,* 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301, (1990). Though a lesser standard than probable cause, reasonable suspicion is similarly dependent on the content of the information possessed by the police and the degree of reliability because both factors are considered in the totality of the circumstances. *Id.*

■ Generally, a known informant who has provided reliable information in the past, and who provides information that is immediately verifiable at the scene carries "enough indicia of reliability to justify a forcible stop...." *Adams v. Williams,* 407 U.S. 143, 146–47, 92 S.Ct. 1921, 1923–24, 32 L.Ed.2d 612 (1972). According to *Adams,* a tip from a known informant who has provided information in the past provides a stronger case supporting reasonable suspicion than an anonymous tip. *Id.* In this case, the informant was known to police and had provided numerous tips in the past resulting in 60 arrests and 20 to 40 convictions at the time of trial. Also, the informant had personally observed the car and the individuals engaging in what he perceived to be drug deals, and he verified the license plates to the police. The tip was partially verified by the police when they located the described vehicle, driven by a black man. Further, when the police undertook to pull the car over, Stillman did not immediately pull to the side of the road but rather, violated a stop sign and began jamming his hand between the seats. These facts taken together with the informant's tip elevated the officer's suspicion to probable cause to stop, arrest, and search Stillman.

This court is cognizant of Stillman's point that the informant's tip was not entirely verified in that the car was not parked where the informant indicated and there was one, not two, black men in the car when it was located by the police. However, in this case, where time had elapsed between the tip and the officer's arrival on the scene and realizing that both cars and people are mobile, the inconsistencies do not obliterate the value of the informant's tip. Under the totality of the circumstances, given that the informant was known rather than anonymous, the information provided was partially verified, and Stillman's furtive actions when pulled over, the court rules the police did have probable cause necessary to arrest Stillman.

On appeal, Stillman does not challenge the admission of the small zip lock bags and the $168.00 cash found in his pocket during a police pat down search after he got out of the car. However, he does challenge the admission into evidence of a single rock of cocaine retrieved by police from the car Stillman was driving. In his brief, Stillman makes much of the fact that the car did not belong to him, and in fact, it was not his car. In *State v. McCrary*, 621 S.W.2d 266, 273 (Mo. banc 1981), the Supreme Court of Missouri held that, in order for the defendant's Fourth Amendment rights to be violated or for the defendant to have standing to assert a violation of the rights guaranteed by Art. I, sec 15 of the Missouri Constitution, defendant must have a legitimate expectation of privacy in the place or thing searched. The proponent of the motion to suppress has the burden of establishing that his constitutional rights were violated by the search and seizure. *State v. McCabe*, 708 S.W.2d 288 (Mo.App. 1986); *State v. Eidson*, 701 S.W.2d 549, 553 (Mo.App.1985). Defendant has made no claim of an expectation of privacy in the vehicle or in its contents either at the hearing on the motion to suppress or at trial. "A person who is aggrieved by an illegal search and seizure only through the introduction of physical evidence secured by a search of a third person's premises or property has not had any Fourth Amendment rights infringed." *Id.*

Under *McCrary*, it is Stillman's burden to assert a reasonable expectation of privacy in the automobile or in its contents, he did not address this issue in the motion court or at trial. In fact, his theory of the case was that he had no privacy interest in the car or the cocaine therein. His testimonial evidence was that he did not own the car and several other individuals had access to the car on the date of his arrest. In cross examining a police officer, Stillman's counsel suggested that the police should have investigated the vehicle owner and his knowledge that cocaine was in the automobile. In this case, the trier of fact was apparently unpersuaded by Stillman's theory and found other evidence more compelling. In short, and under these facts, Stillman's theory of the case conflicted with his assertion of a privacy interest and, as a result, he did not sustain his burden on that point.

Even if Stillman had successfully asserted a privacy interest in the vehicle, the police had probable cause to conduct the search. The search of the automobile pursuant to probable cause to believe that contraband, weapons or evidence of a crime are within the automobile is a well established exception to the Fourth Amendment warrant requirement. *State v. Burkhardt*, 795 S.W.2d 399, 404 (Mo. banc 1990). This exception stems from the fact an automobile's mobility often presents an exigent circumstance making the warrant requirement unfeasible, and because citizens have a lesser expectation of privacy in their cars than in their homes and offices. *Id.* The right to search is not dependent upon the right to arrest but upon probable cause the officer has for belief that the contents of the automobile offend the law. *State v. Hohensee*, 473 S.W.2d 379, 381 (Mo.1971). Probable cause may arise where facts and circumstances within the knowledge of the seizing officer are sufficient in themselves to produce in a person of reasonable caution a belief that the contents of the automobile offend the law. *State v. Hornbeck*, 492 S.W.2d 802, 805 (Mo.1973); *Burkhardt*, 795 S.W.2d at 404.

In reviewing whether the police had probable cause to search the car, this court, like the trial court, considers the totali-

ty of the circumstances which occurred on the date Stillman was arrested. The legality of the search " 'must be judged by the objective facts known to the seizing officer rather than by the justifications articulated by them.' " *State v. Donohoe*, 770 S.W.2d 252, 258 (Mo.App.1989), (citing *United States v. Hawkins*, 811 F.2d 210, 213 (3rd Cir.1987)). The facts known to the police were as follows: a known informant indicated that the car Stillman was driving contained crack cocaine; when the police attempted to pull the car over, Stillman made a series of dramatic movements shoving his hand up and down between the seats; when Stillman finally stopped his car, he put his hands in the air indicating a surrender, when the officer asked Stillman to get out of the car, he immediately moved to the back of the car, put his hands on the truck and assumed the position to be searched; patting Stillman down, police found $168.00 in mostly $20.00 bills and 6 small zip lock bags which police testified are often used to store cocaine. This information, taken as a whole, supports a reasonable belief that the automobile contained contraband in violation of the law.

Stillman also appeals the trial court's denial of his motion for judgment of acquittal at the close of the State's case and at the close of all the evidence alleging insufficient evidence to support the guilty verdict. This court will not review the denial of Stillman's motion at the close of the state's case because the motion was effectively waived by Stillman's subsequent presentation of evidence on his own behalf. *State v. White*, 798 S.W.2d 694, 696–97 (Mo. banc 1990), *State v. Dusso*, 760 S.W.2d 546, 547 (Mo.App.1988).

Turning to the denial of his motion at the close of all the evidence, where appellant challenges the sufficiency of the evidence, the evidence together with all reasonable inferences is viewed favorably to the verdict and evidence or inferences to the contrary are ignored. *State v. Mallett*, 732 S.W.2d 527 (Mo. banc 1987). Appellate review is limited to determining whether there is sufficient evidence from which a reasonable juror *might* have found a defendant guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989).

"A person commits the crime of trafficking in the second degree if, except as authorized by sections 195.005 to 195.425, he possesses or has under his control, purchases or attempts to purchase or brings into this state more than two grams of a mixture or substance described in section 2 of this section which contains a cocaine base...." § 195.223.3(1), RSMo 1994.

Stillman argues the evidence is insufficient because it fails to show he had "possession" of the cocaine base. The transcript indicates the crux of Stillman's case was that the car and the cocaine therein did not belong to him and therefore were not in his possession. Possession can be either actual or constructive. § 195.010(33) RSMo 1994. In this case, the state relied on constructive possession using circumstantial evidence. Where the state proves the accused had exclusive control of the premises or vehicle the law infers the contraband therein is under his possession and control. *State v. Harris*, 807 S.W.2d 528, 530 (Mo.App. 1991); *State v. Hernandez*, 880 S.W.2d 336, 338 (Mo.App.1994). However, where joint possession is shown, the state must show "additional circumstances to inculpate the accused." *Id.* There is no issue of joint possession here as Stillman was alone in the car when he was pulled over. Since the defendant was in exclusive possession and control of the vehicle, the law will infer the contraband was in his possession.

In addition, reasonable inferences drawn from circumstantial evidence can establish elements of possession and knowledge. *State v. Parrish*, 852 S.W.2d 426 (Mo.App.1993). Constructive possession may be shown when other facts buttress an inference of defendant's knowledge of the presence of the controlled substance. *State v. Purlee*, 839 S.W.2d 584, 588 (Mo. banc 1992). In this case, Stillman's movement of his hand up and down between the seats just after the officer turned on her lights to pull him over is compelling evidence that he constructively possessed the cocaine base, especially where cocaine was later found in the very place where Stillman's hand had been. The evidence of his furtive hand motions buttresses

an inference of knowledge and possession of the cocaine base. The evidence that Stillman had a number of twenty dollar bills and tiny zip lock bags on his person also supports an inference that he possessed the contraband. The location of the cocaine within reach of the driver's seat supports an inference of access to the contraband. Taken together, these factors establish that the judgment was supported by sufficient evidence of Stillman's possession of the cocaine found pursuant to the search. The judgment of conviction is affirmed. The appeal of the denial of the Rule 29.15 motion is dismissed.

All concur.