STATE of Missouri, Respondent,

v.

Daniel K. OGLESBY, Appellant.

No. ED 81459.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 22, 2003.

Amy M. Bartholow, Public Defender's Office, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY M. GAERTNER, SR., Judge.

Appellant, Daniel Oglesby ("defendant"), appeals the judgment of the Circuit Court

of Marion County convicting him of distribution, delivery, manufacture or production of a controlled substance, Section 195.211, RSMo 2000, after a jury trial. Defendant was sentenced to twelve years' imprisonment. We affirm.

In his sole point on appeal, defendant argues that the trial court plainly erred in admitting evidence that was seized from his property and statements made after his arrest because the officers lacked probable cause to search and because his wife did not consent to the search, but merely submitted to a show of authority.

■ Defendant's claim is not preserved for appellate review. Defendant's motion to suppress the evidence seized from his property was denied in a pretrial hearing, as was his motion to suppress statements he made following his arrest. During the trial, as each piece of evidence seized from defendant's property was introduced, the trial court asked if the defense had any objection. Defendant's counsel repeatedly stated "no objection." Defense counsel also stated there was "no objection" to the admission of defendant's post-arrest waiver of his Miranda rights and written statement. The general rule in Missouri is that a statement of "no objection" when the evidence is introduced affirmatively waives appellate review of the admission. *State v. Starr*, 492 S.W.2d 795, 801 (Mo.banc 1973).

Notwithstanding the general rule, appellate courts have sometimes reviewed the denial of a motion to suppress on its merits where both sides understood that the defense intended to preserve a carefully litigated issue. *See State v. Stillman*, 938 S.W.2d 287, 290 (Mo.App. W.D.1997); *State v. Curtis*, 931 S.W.2d 493, 495 (Mo. App. W.D.1996). The Missouri Supreme Court recently approved this narrow exception, holding that where a defendant had requested and received a continuing objection, an affirmative statement of "no

objection" where both sides understood the defendant did not intend to repudiate the earlier objection did not bar direct appellate review of the merits of the motion to suppress. *State v. Baker*, 103 S.W.3d 711, 716–17 (Mo.banc 2003). The language of *Baker* makes it clear that the Missouri Supreme Court did not intend to overrule the *Starr* line of cases expressing the general rule. *Id.*

■ The facts of this case do not fit within the narrow exception outlined in *Baker*. At the beginning of the trial, defendant's counsel made a number of motions in limine relating to other issues, but failed to renew the motions to suppress or to request a continuing objection to the admission of the seized evidence and statements. At no point during the trial did defense counsel indicate he wished to preserve an objection to the admission of the seized evidence and statements. In addition to counsel's statements of "no objection" to the evidence as it was introduced, defendant's counsel made no objection when the prosecutor referred to the seized property and statements during his opening argument. A motion to suppress on its own preserves nothing for appellate review, and in the usual case, a point relied on that is based only on a ruling on that motion is fatally defective. *State v. Patino*, 12 S.W.3d 733, 740 (Mo.App. S.D.1999). To preserve the issue for appellate review, a specific objection must be made when the evidence is introduced at trial. *Id.* No such objection was made in this case. In analogous circumstances, the *Patino* court held that plain error review was not warranted. *Id.*

The record does not support defendant's contention that both sides understood the issue to have been preserved as required by *Baker*. Application of the general rule is required, and counsel's statement of "no

objection" bars direct appellate review of the merits of the motion to suppress.

Accordingly, we affirm.