STATE of Missouri, Plaintiff–Respondent,

v.

Cindy McWHORTER, Defendant–Appellant.

No. 27920.

Missouri Court of Appeals, Southern District, Division II.

Dec. 17, 2007.

---

Irene Karns, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Chief Judge.

Cindy McWhorter ("Defendant") was charged with committing the class C felony of possession of a controlled substance, methamphetamine, in violation of section 195.202, RSMo 2004. Defendant was found guilty following a jury trial, and the court sentenced her to a term of seven years' imprisonment. Defendant appeals, arguing the trial court erred in admitting evidence of the methamphetamine found in her purse because the evidence was seized in a search incident to an arrest made without a warrant and without probable cause. Because we find that Defendant's claim was not properly preserved for appellate review, we affirm the judgment of the trial court.

### (1) Factual and Procedural Background

In response to information from an informant that Defendant was growing marijuana in a wooded area behind her house, Trooper Casey Jadwin with the Missouri State Highway Patrol located the marijuana and set up a surveillance system in the area. The surveillance system recorded Defendant near the marijuana plants. On August 19, 2004, Officer Jadwin went to Defendant's house to arrest her for cultivation of marijuana. When he arrived at her house, Defendant was standing outside of her car in the driveway, with the car door open, talking to her neighbor across a fence. Once she saw the patrol car, Defendant tried to get into her car. Officer Jadwin was able to stop her and arrest her before she could drive away. Defendant told Officer Jadwin she had found the marijuana plants, and she pulled them and burned them near her trailer.

Officer Jadwin searched Defendant's car incident to the arrest. He found and seized two small vials containing what he believed to be marijuana and methamphetamine, as well as a syringe, which were all inside a zippered pocket of her purse which was inside the car. It was later determined that one of the vials contained methamphetamine.

The State charged Defendant as a prior offender with committing the class C felony of possession of a controlled substance, methamphetamine, in violation of section 195.202, RSMo 2000. Defendant was found guilty following a jury trial, and the court sentenced her to a term of seven years' imprisonment. This appeal followed.

### (2) Discussion

In her sole point on appeal, Defendant claims the trial court erred in admitting evidence of the methamphetamine found in her purse, because the evidence was seized incident to an arrest made without a warrant and without probable cause. Defendant's claim is not preserved for appellate review. Her motion to suppress the evidence seized from her purse was denied in a pretrial hearing. Defen-

dant renewed the motion just before trial in order to remind the court, because six months had passed since the original motion was filed, and the court denied the renewed motion. During trial, when the State introduced the evidence seized from Defendant's purse; the trial court asked if the defense had any objection. Defense counsel stated, "No."[1] Other than the renewed motion to suppress, Defendant did not object to the admission of the questioned evidence before it was admitted during the trial.

■ "The general rule in Missouri is that a statement of 'no objection' when the evidence is introduced affirmatively waives appellate review of the admission." *State v. Oglesby*, 103 S.W.3d 890, 891 (Mo.App. 2003) (citing *State v. Starr*, 492 S.W.2d 795, 801 (Mo. banc 1973)).

Notwithstanding the general rule, appellate courts have sometimes reviewed the denial of a motion to suppress on its merits where both sides understood that the defense intended to preserve a carefully litigated issue. *See State v. Stillman*, 938 S.W.2d 287, 290 (Mo.App. 1997); *State v. Curtis*, 931 S.W.2d 493, 495 (Mo.App.1996). The Missouri Supreme Court recently approved this narrow exception, holding that where a defendant had requested and received a continuing objection, an affirmative statement of "no objection" where both sides understood the defendant did not intend to repudiate the earlier objection did not bar direct appellate review of the merits of the motion to suppress. *State v. Baker*, 103 S.W.3d 711, 716–17 (Mo. banc 2003). The language of *Baker* makes it clear that the Missouri Supreme Court did not intend to overrule

the *Starr* line of cases expressing the general rule. *Id.*
*Oglesby*, 103 S.W.3d at 891.

The facts of this case do not fall within the narrow "mutual understanding" exception outlined in *Baker*. Although, like in *Baker*, defense counsel renewed the motion to suppress just before trial, he did not, as was done in *Baker*, request and receive a continuing objection to the admission of the items seized from Defendant's purse. The court's denial of the original and the renewed motions to suppress was interlocutory and subject to change during trial. *State v. Lloyd*, 205 S.W.3d 893, 900 (Mo.App.2006). "The trial court must be given the opportunity to reconsider its prior ruling against the backdrop of the evidence adduced at trial." *Id.* (quoting *State v. Morrow*, 996 S.W.2d 679, 681–82 (Mo.App.1999)). Therefore, in order to preserve the issue for appeal, when the evidence was presented at trial, defense counsel was required to either make a specific objection or to renew his previous objection. *Lloyd*, 205 S.W.3d at 893.

Inconsistent with *Baker*, *Stillman*, and *Curtis*, the record in this case does not support the existence of a mutual understanding between defense counsel, the trial court, and opposing counsel that when defense counsel stated he had no objection to the admission of the seized evidence, he did not intend to repudiate his prior objection in the motion to suppress, because defense counsel never requested and obtained a continuing objection. The request for a continuing objection is an integral part of the narrow exception carved out in *Baker*, because it signifies the mutual understanding between defense counsel, opposing counsel and the trial court that

1. We want to note that Defendant's appellate counsel is not the same attorney who represented her at trial.

defense counsel intends to keep his objection alive throughout the trial. When a defendant requests a continuing objection the trial court is afforded an opportunity to determine and consider the exact nature and scope of the requested objection and the inherent problems associated with such an objection when at some point in time after the continuing objection is granted the evidence adduced at trial differs from the evidence adduced at the motion hearing regarding whether the seized evidence should be suppressed. The request also gives the State an opportunity to address to the trial court any prejudice it believes it may suffer as a result of allowing the defendant to preserve an objection to evidence while at the same time appearing to the jury to have "no objection" to such evidence. *See Baker,* 103 S.W.3d at 717. After hearing from both parties the trial court can then, in the exercise of its discretion, either grant or deny the continuing objection. If granted, the trial court then has the opportunity to give the parties explicit directions as to the exact nature and scope of the objection and the procedure to follow should the defendant conclude that the evidence adduced during the trial might impact upon the trial court's previous ruling on the motion to suppress.

The absence of a request for a continuing objection leaves the trial court and the State to speculate as to the defendant's intention when "no objection" is made to the admission of the evidence. In that situation, if evidence bearing upon the trial court's view as to the suppression of the evidence has been adduced at trial which differs from the evidence adduced at the motion hearing, then the trial court must either *sua sponte* raise an objection to the admission of the seized evidence on the defendant's behalf, where no objection has been previously made and in the face of a specific denial of any objection by the defendant, or wait until raised by a motion for new trial, which could necessitate retrying the case. The absence of a request for a continuing objection also fails to put the State on notice that it may be required to inquire of defense counsel as to whether or not the "no objection" is qualified by issues raised in the motion to suppress. *Id.* In the absence of the trial court's grant of a continuing objection to the defendant, the State should not be put in the position of questioning defense counsel's affirmative decision not to object to the admission of evidence. Defense counsel could have legitimate and strategic trial strategies that developed after the ruling on the motion to suppress and during the trial in affirmatively waiving any objection to the admission of the evidence, and the State should not interfere with those strategies unless and until it has clearly been put on notice otherwise by a request for a continuing objection. *Id.*

Because there is no evidence in the record from which we can reasonably infer the existence of a mutual understanding that Defendant intended to preserve her objection to the admission of the seized evidence during trial, we must apply the general rule from *Starr. Oglesby,* 103 S.W.3d at 891–92. Defense counsel's statement at trial of "no" when asked by the court if he had any objection to the admission of the seized evidence waived appellate review of its admission. *Id.* at 891. Accordingly, we deny Defendant's point on appeal without reaching the merits of the various arguments she asserts.

### (3) Decision

The trial court' judgment is affirmed.

BARNEY, P.J., and RAHMEYER, J., concur.