

# In the Missouri Court of Appeals
# Eastern District
## DIVISON FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED98973 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | Franklin County |
| vs. | ) | |
| | ) | |
| VERNELL LOGGINS, JR., | ) | Honorable Gael D. Wood |
| | ) | |
| Appellant. | ) | Filed: July 15, 2014 |

### *Introduction*

Vernell Loggins, Jr. (Defendant) appeals the judgment of conviction entered by the Circuit Court of Franklin County after a jury found him guilty of murder in the first degree. Defendant claims that the trial court erred in denying Defendant's: (1) motion for acquittal; and (2) motion to suppress and admitting at trial, the iPhone and images seized from the iPhone. We affirm.

### *Factual and Procedural Background*

Viewed in the light most favorable to the verdict, the evidence at trial established the following:  On the night of November 1, 2009, Defendant's girlfriend, Stephanie Fields, went to his apartment to confront him about cheating on her.  Defendant stabbed Ms. Fields with a knife in her neck, arms, chest, side, and back, inflicting a total of twenty-five stab wounds, and causing her death.  Defendant then cut off Ms. Fields' head and forearms and attempted to amputate her right leg.  He placed her body in a Toter brand trash can he purchased from Walmart on the

morning of November 2, 2009.  Defendant left the trash can next to the dumpster in his apartment complex.

On the morning of November 3, 2009, an employee of the apartment complex discovered Ms. Fields' body in the trash can next to the dumpster and told his manager, who called the police.  Officer Marc Hillen from the St. Louis County Police Department responded to the report and discovered two trash bags in the dumpster containing, among other items: latex gloves; red-stained paper towels; Resolve cleaner; a Walmart receipt for Resolve cleaner, Tide detergent, and a Toter trash can; three empty ice bags; a Toter trash can label; and mail addressed to Defendant.  Officer William Knittle of the Eureka Police Department obtained surveillance video of Defendant purchasing a Toter brand trash can from the Eureka Walmart the morning of November 2, 2009.

The police obtained a warrant to search Defendant's residence and vehicle.  The warrant authorized law enforcement to search Defendant's residence for "Knife or knives, cutting instruments, bloody clothing, bloody towels or rags, blood evidence, including blood splatter evidence, body parts, clothing, including Cardinal [sic] baseball cap[.]"  Upon execution of the warrant, the negotiator for the Emergency Response Team called Defendant on his cellular telephone and directed him to exit his apartment.  Defendant complied and the police placed him under arrest.  The police seized an iPhone located on the ground outside his apartment where Defendant was arrested.  On November 4, 2009, the police secured a warrant to search the contents of the iPhone and Detective Andrew Hrenak conducted a forensic examination of the iPhone.

The State charged Defendant with murder in the first degree.  Prior to trial, Defendant filed a motion to suppress all evidence seized during the search of his apartment on the grounds

that the evidence was obtained pursuant to an unlawful search and seizure. The trial court held a hearing on Defendant's motion. Following the hearing, Defendant and the State filed memoranda in support of and opposition to Defendant's motion. In his memorandum, Defendant asserted that seizure of the iPhone exceeded the scope of the search warrant's parameters and the search warrant was not supported by probable cause. In its memorandum against Defendant's motion, the State asserted that the iPhone was validly seized pursuant to a search incident to arrest and that a "reasonable inference can be inferred … that there is a probability that evidence of a crime is within the defendant's phone." The trial court denied in part and granted in part the motion to suppress and denied suppression of evidence obtained from the iPhone.

At trial, the State presented the testimony of several witnesses, including Detective Hrenak. Detective Hrenak testified about the results of his search of the iPhone. Defense counsel renewed his motion to suppress the images seized from the iPhone and requested an ongoing objection. The court denied his motion and granted him an ongoing objection. Detective Hrenak identified the State's exhibits 136-153 as images he recovered from the portable network graphic filed in the data partition of the iPhone. The exhibits consisted of screenshots of various website searches conducted on the iPhone. The exhibits captured the following Google searches: "where to buy a trunk," "trunks at Wal-Mart," "food that attracts wil," "attracting wild animals," "what is lime used for," "lime and dead bodies," "lime at Wal-Mart," "where to buy lime in St. Louis," and "how to clean blood from carpet." Additionally, the exhibits showed a blog related to attracting wild animals, a Wikipedia entry containing the words "quick lime," "body disposal," and "decomposition," a search for "what is the best way of covering a dead body?" on Answerbag.com, and a eHow webpage titled "How to clean blood from carpet."

3

At the end of trial, the jury found Defendant guilty of first-degree murder.  The trial court sentenced him to life imprisonment without parole.  Defendant appeals.

## *Discussion*

### A. Sufficiency of the evidence

In his first point, Defendant asserts that the trial court erred in overruling his motion for judgment of acquittal on the charge of murder in the first degree because the State failed to prove that Defendant caused Victim's death after deliberation.  Specifically, Defendant asserts that evidence of the number of stab wounds inflicted on Victim alone is insufficient to support a finding of deliberation.  The State responds that the trial court did not err in denying Defendant's motion for judgment of acquittal because there was sufficient evidence, including multiple stab wounds and Defendant's efforts to dispose of the body and conceal the crime, from which the jury could find deliberation.

When a criminal defendant challenges the sufficiency of the evidence, this court must determine "whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt."  State v. Primm, 347 S.W.3d 66, 72 (Mo. banc 2011).  This court views the evidence "in the light most favorable to the verdict, considering all favorable inferences and disregarding all contrary inferences."  Id.

A person commits murder in the first degree when he "knowingly causes the death of another person after deliberation upon the matter."  Section 565.020.1.  Section 565.002(3) provides that deliberation means "cool reflection for any length of time no matter how brief."  "Proof of deliberation does not require proof that the defendant contemplated his actions over a long period of time, only that the killer had ample opportunity to terminate the attack once it began."  Strong, 142 S.W.3d 717.  Thus, "[d]eliberation need be only momentary."  State v.

4

Attwood, 294 S.W.3d 144, 145 (Mo.App.S.D. 2009). "Deliberation is normally proved by indirect evidence and inferences drawn from circumstances surrounding the murder." State v. Stacy, 913 S.W.2d 384, 386 (Mo.App.W.D. 1996).

Contrary to Defendant's assertion, Missouri courts have repeatedly stated that "[d]eliberation may be inferred when there are multiple wounds or repeated blows." State v. Strong, 142 S.W.2d 702, 717 (Mo. banc 2004); State v. Johnston, 957 S.W.2d 734, 748 (Mo. banc 1997); Stacy, 913 S.W.2d at 386. "Even the short amount of time required for the defendant to approach the victim before stabbing her supports the reasonable inference that [he] reflected for at least the time required to reach the victim." Stacy, 913 S.W.2d at 386. Additionally, signs of a prolonged struggle may be evidence of deliberation. State v. Sandles, 740 S.W.2d 169, 177-78 (Mo. banc 1987).

The record contains sufficient evidence from which a jury could reasonably find deliberation, including the following: Victim left her friend's home at around 9:00 p.m. to confront Defendant, did not answer two of her friend's phone calls at around 10:00 p.m., and answered the third phone call to inform her that she was with Defendant. Defendant stabbed Victim in the neck, arms, chest, shoulder, side, and back a total of twenty-five times. Detective Peeler located blood on the living room carpet, couch, and walls, the kitchen sink, wall, refrigerator, and fan, the hallway wall, the bathroom floor and vanity, and the bedroom baseboard. Because the evidence shows that Defendant had the opportunity to consider his actions, the jury reasonably found that Defendant deliberated before killing Victim. Point I is denied.

5

B. Motion to suppress evidence

In his second, third, and fourth points on appeal, Defendant asserts that the trial court erred in denying his motion to suppress evidence and admitting the evidence at trial. "We will affirm the trial court's ruling on a motion to suppress unless the ruling was clearly erroneous." State v. Williams, 277 S.W.3d 848, 851 (Mo.App.E.D. 2009). We will not reverse unless we are left with a definite and firm impression that a mistake was made. State v. Jackson, 248 S.W.3d 117, 121 (Mo.App.S.D. 2008). We defer "to the trial court's factual findings and credibility determinations, and consider[] all evidence and reasonable inferences in the light most favorable to the trial court's ruling." State v. Sund, 215 S.W.3d 719, 723 (Mo. banc 2007). "We thus consider only those facts – and the reasonable inferences that can be drawn therefrom – that are favorable to the trial court's ruling, and we disregard all contrary evidence and inferences." State v. Crites, 400 S.W.3d 828, 834 (Mo.App.S.D. 2013).

1. Seizure of the iPhone

In his second point, Defendant asserts that the trial court erred in overruling his motion to suppress, and admitting at trial, the iPhone seized from the ground in front of his residence. Specifically, Movant asserts that seizure of the iPhone was: (1) outside the scope of the search warrant; and (2) not in connection with a search incident to arrest. The State contends that Defendant's claim is not preserved because Defendant stated, "No objection" when the State offered the iPhone into evidence.

Prior to trial, Defendant filed a motion to suppress "any and all articles seized" during the search of his residence, asserting that the items were obtained during an unlawful search and seizure. On November 9, 2011, the trial court held a hearing on Defendant's motion and, following the hearing, Defendant and the State filed memoranda in support of and opposition to

6

Defendant's motion to suppress. On December 19, 2011, the trial court denied Defendant's motion to suppress the iPhone.

On January 30, 2012, before trial commenced, the court addressed, outside the presence of the jury, the remaining pre-trial motions. Before concluding the proceeding, the trial court asked Defendant, "Did you want to renew some --" and Defendant asserted, "I reviewed my materials, and we're fine, Judge."

At trial, the State presented the testimony of Detective Clay Peeler who participated in the search of Defendant's residence. Detective Peeler identified Exhibit 71 as the iPhone he seized outside Defendant's apartment. The State requested the trial court's admission of Exhibit 71 and defense counsel affirmatively stated, "No objection." The court admitted the iPhone.

In his motion for new trial, Defendant alleged that the "trial court erred in overruling Defendant's 'Motion to Suppress Evidence' … with respect to State's trial exhibit 71" because "seizure of this iPhone was outside the parameters of the scope of the search warrant." The trial court denied Defendant's motion.

When a trial court denies a defendant's pre-trial motion to suppress, the defendant must renew the objection or make a specific objection at trial when the evidence is presented to preserve the issue for appellate review. State v. Oglesby, 103 S.W.3d 890, 891 (Mo.App.E.D. 2003). "The trial court must be given the opportunity to reconsider its prior ruling against the backdrop of the evidence adduced at trial." State v. Lloyd, 205 S.W.3d 893, 900 (Mo.App.S.D. 2006) (quotation omitted).

Moreover, "[t]he general rule in Missouri is that a statement of 'no objection' when the evidence is introduced affirmatively waives appellate review of the admission." Oglesby, 103 S.W.3d at 891. "Such a waiver also precludes plain error review, as allowed by Rule 30.20."

7

State v. Williams, 411 S.W.3d 275, 277 (Mo.App.S.D. 2013). "Notwithstanding the general rule, appellate courts have sometimes reviewed the denial of a motion to suppress on its merits where both sides understood that the defense intended to preserve a carefully litigated issue." Oglesby, 103 S.W.3d at 891. The "mutual understanding" exception to the general rule is narrow, rare, and factually-based and requires "some action or actions by the trial court or the prosecutor that occurred after the trial began to find a mutual understanding." Williams, 411 S.W.3d at 277-78.

After reviewing the record, we cannot conclude that the record demonstrates that both sides understood that Defendant intended to preserve the issue for appeal. The trial court ruled on Defendant's motion to suppress over a month before the trial began. When the court addressed the State's and Defendant's pre-trial motions on the first day of trial, the trial court asked Defendant if he wanted to renew any motions and Defendant stated that he was "fine." During trial, Defendant affirmatively stated "No objection" when the State requested the iPhone's admission into evidence. Defendant neither renewed his motion to suppress nor requested a continuing objection. Nothing occurred after the trial began to demonstrate that a mutual understanding existed that Defendant intended to preserve the issue for appellate review. See Williams, 411 S.W.3d at 778.

Because no evidence exists in the record from which we can reasonably infer the existence of a mutual understanding that Defendant intended to preserve his objection to the admission of the seized iPhone during trial, we must apply the general rule regarding preservation for review. See State v. McWhorter, 240 S.W.3d 761, 764 (Mo.App.S.D. 2007). Defense counsel's statement of "No objection" when the State offered the iPhone into evidence

8

waived appellate review of its admission. Accordingly, we do not reach the merits of Defendant's arguments on appeal. See id. Point II is denied.

2. Search and seizure of the iPhone's data

In his third and fourth points on appeal, Defendant asserts that the trial court erred in overruling his motion to suppress, and admitting at trial, web-based screen images seized from the iPhone because: (1) because the search warrant was not supported by probable cause in that the affidavit did not establish that there was a fair probability that evidence of a crime would be found in the iPhone; and (2) the search and seizure of the web-based images was outside the scope of the search warrant. The State contends that neither of Defendant's claims is preserved for review because he did not raise the same arguments to the trial court that he advances on appeal.

a. Preservation of issues

As an initial matter, we address the State's contention that Defendant's claims are not preserved for review. "[W]here the objection raised on appeal is different from those stated in defendant's motion to suppress, and preserved through his continuing objection and motion for new trial, the objection, raised for the first time on appeal, is not preserved for review…." State v. Lorenze, 592 S.W.2d 523, 527 (Mo.App.S.D. 1973).

In his memorandum filed after the hearing on his motion to suppress, Defendant asserted that the affidavit in support of the search warrant did not establish a fair probability that evidence of a crime would be found in the iPhone. At trial, Movant objected to the admission of the web-based images seized from the iPhone on the grounds that the photographs were irrelevant and renewed his motion to suppress. In his motion for new trial, Defendant incorporated the arguments from his motion to suppress. On appeal, however, Defendant asserts that the search

9

of the iPhone was unlawful not only because the affidavit did not establish a fair probability that evidence of a crime would be found in the iPhone, but also because: (1) the search warrant authorized a wide-ranging search and did not satisfy the particularity requirement of the Fourth Amendment; and (2) the search and seizure of the web-based images was outside the scope of the warrant.

Because Defendant did not advance the theories that the search warrant failed the particularity requirement and the search exceeded the scope of the warrant in his motion to suppress, at trial, or in his motion for a new trial, these issues are not preserved for appeal.[1] See State v. Driver, 912 S.W.2d 52, 54 (Mo. banc 1995). However, Defendant's claim that the supporting affidavit did not contain specific allegations that the iPhone was connected to the crime is preserved.

b. Probable cause to support the search warrant

Defendant asserts that the trial court erred in overruling his motion to suppress, and admitting at trial, evidence regarding web-based screen images seized from the iPhone because the search warrant affidavit did not establish that there was a fair probability that evidence of a crime would be found in the iPhone. The State counters that the trial court did not err in denying Defendant's motion to suppress, and admitting into evidence, the web-based screen images because: (1) the affidavit in support of the warrant established probable cause that "the iPhone might contain evidence reflecting [Defedant's] attempts to conceal evidence of the crimes;" (2)

_____

[1] We also find meritorious the State's contention that because Defendant did not assert his claim that the search warrant fails the particularity requirement in his point on appeal, it is not preserved for review. Rule 84.04(e) provides that "[t]he argument shall be limited to those errors included in the 'Points Relied On.'" "Issues that are reflected only in the argument section of the brief are not presented for appellate review." State v. Nibarger, 304 S.W.3d 199, 205 n. 5 (Mo.App.W.D. 2009).

the evidence was admissible under the good-faith exception; and (3) Defendant was not prejudiced by the admission of the evidence.

The affidavit in support of the search warrant for the iPhone and computer seized from Defendant's residence provided the following: The police located a dismembered body in a trash can next to an apartment complex's dumpster. In the dumpster, the police also discovered a trash bag containing a Walmart receipt for a trash can, Resolve carpet cleaner, Tide detergent, and mail addressed to Defendant. Investigators obtained video surveillance from Walmart which showed Defendant putting a trash can in a white SUV. The police then conducted surveillance of Defendant's residence and saw the white SUV near his apartment. The police applied for, and the trial court issued, a warrant authorizing a search of Defendant's residence and vehicle. Defendant did not respond when the police knocked on his door to execute the warrant and the police called Defendant on a cellular telephone and instructed him to come outside. Defendant complied, and the police arrested him outside of his residence. During the search, the police located a cellular telephone on the ground where Defendant was arrested and seized it as evidence. The affiant asserted that "to further investigate this offense it is necessary to examine the telephone records of [the iPhone]. These phone records, as well as those in contact with those numbers, may lead to information about the murder." Based on this affidavit, the trial court found probable cause to warrant a search of the seized iPhone and computer.

"In determining whether probable cause exists [to issue a search warrant], the issuing magistrate or judge must 'make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him [or her] ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" State v. Neher, 213 S.W.3d 44, 49 (Mo. banc 2007) (quoting Illinois v. Gates, 462 U.S. 213, 238, (1983)). The

presence of such contraband or evidence "need not be established, at a *prima facie* level, by a preponderance of the evidence or beyond a reasonable doubt." Id. "Accordingly, in reviewing a trial court's ruling on a motion to suppress evidence seized pursuant to a search warrant, the court gives great deference to the initial judicial determination of probable cause that was made at the time the warrant issued." Id. An appellate court will reverse only if the issuing magistrate or judge clearly erred in initially determining, based on the totality of the circumstances, that probable cause existed. Id.

Defendant asserts that "there were no specific assertions or allegations in the supporting affidavit that the [iPhone] was connected in any way to the commission of the murder" to establish probable cause to issue a search warrant. However, contrary to Defendant's position, search warrants "should not be deemed invalid 'by interpreting affidavits in a hyper technical rather than common sense manner.'" State v. Buchli, 152 S.W.3d 289, 305 (Mo.App.W.D. 2004). "In dealing with probable cause we deal with *probabilities,* not certainties." State v. Henry, 292 S.W.3d 358, 364 (Mo.App.W.D. 2009). "These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." State v. Buchli, 152 S.W.3d 289, 305 (Mo.App.W.D. 2004) (quoting Illinois v. Gates, 462 U.S. 213 (1983)). The preference for warrants that requires us to give deference to the issuing judge's determination of probable cause also requires some latitude in interpretation of the supporting affidavit. State v. Trenter, 85 S.W.3d 662, 677 (Mo.App.W.D. 2005).

The trial court did not clearly err in initially determining, based on the totality of the circumstances, that probable cause existed to warrant a search of the iPhone. The warrant provided that the police located a dismembered body in a dumpster with other items that were

traced to Defendant. Before executing the warrant authorizing a search of Defendant's residence, the police spoke to Defendant on a cellular telephone that was seized during the search. We cannot conclude that it was not a practical decision under the circumstances for the issuing judge to find probable cause to believe that a search of the iPhone would lead to evidence about the murder. Points III and IV are denied.

### *Conclusion*

The judgment of the trial court is affirmed.


_____
Patricia L. Cohen, Judge

Lisa S. Van Amburg, P.J., and
Philip M. Hess, J., concur.